By the Court.

It has been argued that, in an action of this impression, some special damage must be alleged or proved, or the words must impute a crime. As the first of these was not attempted, it is contended that "the latter cannot apply, for that the words do not respect any conduct to which the plaintiff was bound in virtue of his office as town clerk. We have considered this last *239 Doint, and are satisfied that, as it is the duty of the clerk to record the choice of a moderator, he cannot duly execute this duty unless he first sort and count the votes given in. It was, therefore, necessarily incident to his office; and the motion fails on this ground.
It was objected, then, that the defendant, as a voter in the meeting, had a legal right to scrutinize into, and to animadvert upon, the plaintiff’s official conduct; and the circumstance was likened to legal proceedings in a course of justice. But we perceive ho such analogy. If a citizen, observing the town clerk, or other officer, swerving from the line of his duty, decently suggests his error to him, there could certainly be nothing censurable in such conduct. But it would be mischievous in a high degree, if a citizen could, with impunity, falsely charge an officer *with wilful misconduct, before the assembly of his fellow-citizens. No man of character would be willing to accept an office, if, in consequence, he ceased to be protected by the law from the calumnies of his fellow-citizens who might be disposed to slander him. It is observable, too, in the present case, that the slander was repeated. It had not the apology of sudden impulse, nor could it have been uttered for a lawful or an innocent purpose
Judgment on the verdict.