Sewall, C. J.,
delivered the opinion of the Court.
The defendants are charged, in an action of assumpsit, upon a promise in writing made to the plaintiff. The writing shown in evidence is dated January 1, 1811; and the defendants thereby acknowledge to have received of the plaintiff, a deputy sheriff, certain articles afterwards enumerated, “ attached on a writ of attachment, dated December 31, 1810, in favor of Parsons and Stephens Smith. *199 [two of the defendants,] against Bela Andrews, returnable to the Court of Common Pleas next to be holden, &c., all which they promise to redeliver to the plaintiff when called for.”
The plaintiff proves also a demand of these goods afterwards, that is, about five days after the date of the receipt, when the defendants refused to deliver or produce the goods, or any part of them. This demand was accompanied with information to the defendants that the plaintiff intended a further -attachment of the same goods upon another precept; but it is not stated that any other precept was then produced, or that the defendants were noti fled, whose demand against Andrews, or to what amount, was to be enforced by another attachment of the goods which had been de livered to the defendants upon their receipt and promise. It is, however, agreed by the parties, and admitted as proved, that the plaintiff had, at the time of his demand of the articles in question from the defendants, a writ against Andrews, which authorized an attachment of his goods and estate at the suit of Davenport fy Thayer, and that the plaintiff returned the goods enumerated in the receipt of the defendants, as attached upon that writ; that this writ was pursued to judgment, and that Davenport 8f Thayer recovered therein against Andrews a sum exceeding the value of the goods supposed to have been attached, subject to the prior attachment thereof at the suit of P. and S. Smith.
It is also admitted, as a fact proved, that the first action, in which the attachment was made by the plaintiff, was not * pursued, having been commenced upon a demand not [ * 215 ] then due; and that P. and S. Smith afterwards commenced another action for the same demand, by a writ upon which they caused the same goods to be attached by another deputy of the same sheriff.
The facts proved and admitted in this case maintain the action for the plaintiff, so far at least as to establish a promise, and a breach of it, on the part of the defendants. .
The promise is explicit, and requires no construction. The plaintiff had, at least, a special property in the goods attached, according to the nature of his office and authority. He was accountable to Andrews, the general owner of the goods attached, until the determination of his property and interest by the effect of the process. As this was not pursued, as soon as the pledge obtained by the attachment for P. and S. Smith was relinquished, the right of Andrews to a redelivery of the goods became absolute. The refusal of the defendants to deliver the goods, according to their promise, vested in the plaintiff a right of action to the value of those goods.
*200 Whether, therefore, under the circumstances of this case, the attachment intended to be made at the suit of Davenport f Thayer was, or was not, effectual, is not a question to be settled between the parties in this action. If it was not, it is no excuse for the defendants, and no defence against the demand of the plaintiff, arising upon their breach of promise, sufficiently alleged and proved. The subsequent attachment, at the suit of two of the defendants, is no answer or defence, either as to the right of action, or in mitigation of damages.
Evidence of a special property in the plaintiff and a delivery or satisfaction to his bailor, or the party entitled to the general property, might be a sufficient answer, or would at least be admissible evidence in mitigation of damages. (2) But there is no evidence to this effect; and it is admitted that the defendants did not act for Andrews, in receipting for the goods attached. They [ * 216 ] are not to be considered * as bail for him, at his request dissolving the attachment. The goods were not delivered to him, nor retained by the defendants for his account and use, by any authority from him. And whether the goods have finally availed to his use, in consequence of the subsequent attachment at the suit of two of the defendants, and the sale upon their judgment and execution against him, is not an inquiry which can be gone into in this action, and between these parties. The proceedings and judgment in that action are no evidence against this plaintiff; nor would they be evidence for him against Andrews ; certainly not conclusive evidence, if the plaintiff, or the sheriff, upon his responsibility, were charged in an action by Andrews, for the goods attached upon a process which had not been pursued to judgment.
Upon the whole, an explicit promise by the defendants is proved, and a plain breach of it; against which they have not defended themselves, by showing the indirect and improper purposes with which they have acted in disposing of the goods of a third person, respecting which they had no agency or authority from the owner, nor any general or special property in themselves. (a)

Defendants def aulted.

 2 Rol. Abr. 551, 1, 31.—Ibid. 569, 1, 22.

 See Knapp vs. Sprague, 9 Mass. Rep. 262, and cases cited in note. — Bagley vs. White, 4 Pick. 395.