Per Curiam.

The evidence is of a written receipt and promise,
on the part of the defendant, to deliver to the plaintiff goods, not specified as to the particular articles, but of which the amount or value and general quality are distinctly stated; and the special purpose of the receipt is also mentioned, viz., to respond an attachment. A breach of the promise is also proved by the demand and refusal to deliver the goods.
It is objected that the case shows that there had been no sufli- * cient and legal attachment of the goods by the plaintiff. But it is not for the defendant to make this objection. His receipt acknowledges an attachment. He is not to defend himself by questioning the right of the plaintiff. If the goods have been restored to the general owner, the debtor in the writ of attachment, this will not excuse the defendant, when the right of the plaintiff has been continued and enforced by a judgment and execution, and a demand of the goods within thirty days from the judgment, (a)

Defendant defaulted.

 See ante, Whittier vs. Smith & Al. 211. — Knapp vs. Sprague, 9 Mass. Rep. 262, and note. — Bagley vs. White, 4 Pick. 395. — Chapman & Al. vs. Searle, 3 Pick. 38.