Parker, C. J.
The first question in this case is, whether the replication shows a breach of the condition of the bond. The general stipulation of the obligors is, that Wood, the principal in the bond, should well and truly perform all the duties of the office of deputy-sheriff, in all respects according to law. The breach assigned is, substantially, that the said Wood, having attached certain chattels on a writ in favor of one Congdon against one Kennedy, which writ had been prosecuted in Court, and judgment recovered thereon, released and discharged the said chattels from attachment, within thirty days after the judgment so recovered.
Now, if this was in violation of his duty as a deputy-sheriff, it is a breach of the condition of the bond above specified; and that it was a violation of official duty admits of no question, when it is considered that the statute of 1784, c. 28. §>11. requires, in express terms, that all goods and chattels attached shall be kept during thir *6 ty days after judgment, in order that execution may be levied thereon (1).
It is said by the counsel for the defendants, that it does not appear in the replication, tint execution ever issued upon the judgment, or that it has not been satisfied, if it ever [ * 7 ] * did issue.—But this omission does not show that the condition of the bond has been performed, or that there has been no breach of it. For we do not see but that the sheriff would have a right to his action upon the bond, as soon as a breach of duty had taken place ; although no liability had been fixed upon him by inability to satisfy the execution. He ought to have opportunity to secure himself against the consequences of such breach of duty ; and whether execution ever issued or not, or was afterwards satisfied, would be matter of damages, to be ascertained upon a hearing in Chancery-.
The cases cited for the defendants, to show that actions cannot be maintained against sheriffs, until some damage has actually accrued (2), do not apply to this case. They are all actions on the case, which necessarily import a damage. This is debt on bond, which may be commenced immediately on the happening of a breach of the condition; and the damages may be merely nominal, and judgment for the penalty may stand as security for future damages.
There being, then, a breach sufficiently averred, the question is, whether the rejoinder has legally avoided it. The fact averred, which is supposed to have this effect, is, that Wood, the deputy-sheriff, was at the place where the attachment was made during the thirty days after judgment, and that no notice was given to him that an execution had issued, nor any demand made of the goods and chattels attached, for the purpose of levying the execution upon them.
If the release of the attachment within the thirty days was a breach of official duty, and of the condition of the bond, it must be apparent that the mere fact of the goods not being demanded, or that no notice of the execution had been given to the officer, can be no excuse. It is a settled principle of law, that a demand, otherwise necessary, becomes useless and unnecessary, when the party, on whom it is to be made, has disabled himself from complying with it by his own fault (3). The case of Webster vs. *7 Coffin (4) recognizes * this principle, which indeed is too [ *8 ] familiar to require authorities to support it. The law does not insist upon useless and idle ceremonies. The rejoindot admits that the deputy had voluntarily parted with the goods with ,'n the thirty days during which he was required by law to hold (hem. The answer amounts substantially to this; that, notwithstanding he had not the goods to deliver, yet they ought to have been demanded of him.
The counsel for the defendants has ingeniously availed himself, in his argument, of some decisions of the Court, on the effect of contracts made between attaching officers and debtors or their friends ; the purpose of which generally is to enable the debtor to keep possession of his goods notwithstanding the attachment. But we cannot perceive the applicability of those decisions to the case under consideration. It has often been remarked, that contracts of this nature have no effect upon the liability of the attaching officer to the creditor; unless he consent to the debtor or his friends’ keeping possession of the goods. Nor can such contracts have any effect upon the obligation given by the deputy-sheriff, if he be the attaching officer, to the sheriff.
It is true, it has been decided that the officer, who may have delivered over to the debtor the property attached, and taken a receipt therefor from a third person, can have no action upon such receipt if no execution have issued within thirty days after judgment; ana this because, in such case, he can have no right to the goods for any purpose, but to deliver them to the debtor, who already has them.
But where he has made strangers bailees, to whom the possession has been delivered, not for the purpose of delivering them over to the debtor, he would have a right of action, because the debtor would have a right to receive the goods of him, or an equivalent in damages, after the lawful lien had ceased. The case of Knap vs. Sprague (5), cited at the argument, must be considered as deciding only that the officer has no action against the receiptors, if he made no demand of the chattels within thirty days after * judgment; where the goods shall have been in the [ * 9 ] possession of the debtor. Such was the fact in the case referred to. The marginal abstract is somewhat broader than the text (6) And where the attachment has been released without the *8 consent of the sheriff or the creditor, the attaching officer cannot avoid his obligation to keep the property during the thirty days after judgment, but by showing that, in consequence of the delay in demanding them upon the execution, he has lost his remedy against those who may have contracted to deliver them to him. The rejoinder here shows no such case; but for aught that appears in it, the deputy-sheriff may have recovered his indemnity against the receiptors, or may iiave a right of action against them.
We are clear, therefore, that the rejoinder is not a sufficient avoidance of the replication ; and that being good for the reasons before stated, judgment must be rendered for the plaintiff, for the penalty of the bond. If it appear, on a hearing in Chancery, that the execution against Kennedy has been satisfied, or that the plaintiff has not been damnified, and cannot be, execution will be awarded for nominal damages only.

 [Phillips vs. Bridge, 11 Mass. 242. —Tyler vs. Ulmer, 12 Mass. 163. —Ed.]

 Bac. Abr. Title Escape in civil cases, D. —12 Mass. Rep. 127, Rice & Al. vs. Hosmer. —2 D. & E. 172, Atkinson vs. Matteson & Al. —5 D. & E. 37, Planck vs. Anderson & Al.

 [Clark vs. Moody & Al. 17 Mass. 149. —Newcomb vs. Brackett, infra, 161 —Ed.]

 12 Mass. Rep. 196.

 9 Mass. Rep. 258.

 [Jewett vs. Torrey, 11 Mass. 219. —Phillips & Al. vs. Bridge, 11 Mass. 242. —Lyman vs. Lyman, 11 Mass. 337. —See note to Knap vs. Sprague, 9 Mass. 258,3d ed. —It may be. conjectured from the argument of the Court, in giving judgment in the above case, that the goods which the officer had attached were afterwards by him suffered to be taken from his possession, and, either by being carried beyond the jurisdiction of the Court, or by some subsequent conveyance, or otherwise through his misfeasance oi *8 negligence, nod been placed in such situation or condition, that they could not have been taken or levied upon by virtue of any execution which might within thirty days have been issued upon the judgment in the suit of the attaching creditor. But should not this have been specially pleaded and set forth ? Was it enough to allege that the officer had released and discharged the attachment, at least without showing how it was done, so as to show that something more than the ordinary import of those terms was intended ? The officer, by his acts or neglect, might render the attachment inope‘alive, ineffectual, or nugatory. But could he, strictly speaking, release or discharge t ? It would seem that this could only be done by the attaching creditor.—En 1