Parker C. J.
delivered the opinion of the Court. This is trespass quare clausum, and by the evidence reported the case is well maintained for the plaintiff. The fraud of the defendant in relation to his attachment is palpable and gross and his counsel has wisely pressed but very feebly any genera defence.
But the point of damages is questionable. There is no evidence of any injury done to the soil or to the buildings, or to the trees, or any other product of the soil. The tres pass, for aught that appears, and probably in fact, was a simple *151 entry ; so that there is no ground for any but nominal damages, unless the jury had a right to consider the fraud practised, and to give arbitrarily what they might suppose was proper either as punishment or compensation. We do not think they had any right in this action to assess damages upon any such principle. If the soil had been disturbed, or the trees been cut down, then, in such case, they would give the utmost value of the property injured or destroyed; but because the defendant acted fraudulently, the plaintiff is not entitled to his money, unless he suffered by the fraud.[1] *3It looks like an attempt, either to punish the defendant, or to reimburse the plaintiff for the expenses of his suit, in a way different from that provided by law. There is no more reason for giving 45 dollars, than there would be for giving 500; indeed it is going without rule or compass. We think therefore the plaintiff must remit all the damages above one dollar, or a new trial will be granted.

 See Morgan v. Bliss, 2 Mass. R. 112. The principle, that fraud accompanied with damage is a good cause of action, has been repeatedly recognised, and is now well settled, both in the English and American jurisprudence. Baily v. Merrell, 3 Bulst. 95; S. C. Cro. Jac. 386; Com. Dig. Action upon the Case for a Deceipt, A 1; Pasley v. Freeman, 3 T. R. 56; Ward v. Center, 3 Johns. R. 271; Upton v. Vail, 6 Johns. R. 181; Young v. Covell, 8 Johns. R 23, Russell v. Clark, 7 Cranch, 92; Gallagher v. Brunel, 6 Cowen, 346; Moore v. Tracy, 7 Wendell, 229; Addington v. Allen, 11 Wendell, 374; S. C, 7 Wendell, 1; Adams v. Paige, 7 Pick. 542; Pierce v. Jackson, 6 Mass. R. 242; Whittier v. Smith, 11 Mass. R. 211.
And it is not necessary to prove any moral fraud on the part of the defendants. Adams v. Paige, 7 Pick. 542; Bird v. Randall, 3 Burr. 1353 ; 3 Bl. Com. 122; Foster v. Charles, 7 Bingh. 105; S. C. 6 Bingh. 369; Tapp v. Les, 3 Bos. & Pul. 371.
As to representations of credit by which a person suffers damage, see Revised Stat. c. 74, § 3; 2 Kent’s Com. (3d ed.) 488, 489, notes.