# FRANCIS NORRIS *vs.* THOMAS S. BRIDGHAM.

Where goods were attached by an officer on *mesne* process, who had ceased to be in office when judgment was rendered in the suit, and no demand was made upon him for the property attached, within thirty days after judgment; the officer is thereby discharged from any liability to the judgment creditor by reason of such attachment.

Where goods attached by an officer upon a writ are delivered to a keeper upon his written promise to redeliver the same upon demand, and by him are permitted to remain in the possession of the debtor; and the officer afterwards, and before judgment, makes a demand of the goods upon the receipter, and on his refusal to return them brings a suit against him, and during the pendency of this suit judgment is rendered in the original action, and no demand of the goods is made upon the attaching officer, until after thirty days after the rendition of the judgment; the attaching officer is no longer liable, and can recover no more than nominal damages in his action upon the receipt.

ASSUMPSIT on a receipt. The plaintiff, as a deputy sheriff, had attached divers articles, as the property of one *Leadbetter*, and took the receipt therefor, signed by the defendant, promising to deliver the same to the plaintiff on demand. Judgment was rendered in the suit against *Leadbetter, June* term of the Common Pleas, 1834, for a sum greater than the value of the property attached. The plaintiff made a demand of the property of the defendant, *October* 10, 1833, and immediately commenced this suit. Within thirty days after judgment an execution was taken out upon the judgment, and delivered to a coroner of the county, as the office of sheriff was then vacant. The coroner had notice of the attachment, and though not having the receipt, within thirty days demanded the property of the defendant, but made no demand therefor of the plaintiff within the thirty days. When the attachment was made and the receipt given, the property was permitted by the receipter to go back into the possession of the debtor, and at the time of the judgment part of it had been consumed by the debtor, part of it remained, and part of it had been destroyed without any fault of the debtor.

It was contended by the counsel for the defendant, that he was answerable to the plaintiff only so far, as he was liable to the attaching creditor, and that no demand having been made upon the plaintiff, his liability to the creditor had ceased. *Weston C. J.*, presiding at the trial, overruled the objection, that the damages

might be assessed. The verdict for the plaintiff was to be amended, or set aside, if the want of such demand is fatal to the action, and a nonsuit entered.

*D. Williams* and *May*, for the defendant.

As no demand was made upon the plaintiff within the thirty days, he is not liable to the creditor. 9 *Mass. R.* 258; 11 *Mass. R.* 211; *ib.* 317; 14 *Mass. R.* 196; 16 *Mass. R.* 465; *Story on Bailments,* § 132.

As the property was left in the hands of the debtor, the owner of it, the officer is not liable over to him. 11 *Mass. R.* 219; 16 *Mass. R.* 5; 14 *Mass. R.* 196; 8 *Greenl.* 130; 12 *Pick.* 202; 9 *Mass. R.* 360.

But if the defendant could have been rendered liable to the plaintiff by a proper demand on him by a coroner, yet this demand was unavailing, because the coroner did not have the receipt to deliver up, if the property was delivered by the receipter. 7 *Mass. R.* 483.

But if the action can be maintained, the damages should be but nominal. 8 *Greenl.* 122; 12 *Mass. R.* 163; 1 *Fairf.* 20; *ib.* 397.

*Wells* and *S. W. Robinson*, for the plaintiff, contended, that no demand for the property within thirty days after judgment, by the coroner upon the plaintiff, was necessary. The plaintiff had already made his demand, and had brought this suit before judgment was rendered. The attachment was not released by any act of the creditor, for he put his execution into the hands of an officer within thirty days after judgment. Nor by any omission of the coroner, for he made a demand of the property of the defendant, who was bound to produce it, either to him or to the plaintiff. No demand is necessary, when the property cannot be produced. The demand would be wholly useless, whether made upon the receipter, or upon the attaching officer, and therefore the law does not require it. *Jewett* v. *Torrey,* 11 *Mass. R.* 219; *Whittier* v. *Smith, ib.* 211; *White* v. *Bagley,* 7 *Pick.* 288. The plaintiff, having attached the property, is accountable for it; and the defendant, having failed to comply with his written promise to deliver the property to the plaintiff, is liable to him.

The amount to be recovered, should be the value of the property at the time judgment was rendered. *Robinson* v. *Mansfield,* 13 *Pick.* 139; *Johns* v. *Church,* 12 *Pick.* 557; *Wakefield* v. *Stedman, ib.* 562; *Chapman* v. *Searle,* 3 *Pick.* 38. As there was a good cause of action, when the suit was commenced, and the plaintiff has done nothing to impair his rights, we are entitled to at least nominal damages.

The case was continued for advisement, and the opinion of the Court afterwards drawn up by

SHEPLEY J. —— It is provided by statute, that goods attached on mesne process shall be held as security for the debt for thirty days after judgment; and if the creditor shall not take them within the thirty days, the attachment shall be void. *Statute* of 1821, *ch.* 60, *sec.* 1. When the officer takes a receipter for the property, such receipter is regarded as his servant; and the goods remaining in the possession of the receipter may be again attached by the same sheriff on a subsequent process; but where the goods are permitted to remain in the possession of the debtor, the officer by himself or his servant is not regarded as in possession, so that he can again attach the same goods without seising them anew. 9 *Mass. R.* 258, *Knapp* v. *Sprague.* In such case the debtor is rightfully in possession by consent, and his rights cannot be disturbed, unless the persons claiming can exhibit a title to reclaim the property. If the officer or his servant would call upon him, he must show a judgment recovered, and that an execution has issued thereon, and that a demand has been made within thirty days after judgment, unless some agreement shall otherwise specially provide.

In this case judgment was recovered against the debtor in this Court, *June* term, 1834. The officer had taken the defendant's accountable receipt for the property attached, to be delivered *on demand;* and before the tenth day of *October,* 1833, the plaintiff had demanded the property, and on that day instituted this suit. He then had a right to repossess himself of the property according to the terms of the receipt. 11 *Mass. R.* 211, *Whittier* v. *Smith et als.;* 3 *Fairf.* 328, *Carr* v. *Farley.* The suit having been rightly brought, the plaintiff is entitled to maintain it.

Since that time, judgment having been recovered, and execution sued out, the creditor has neglected for more than thirty days to have any demand made of the officer, or to pursue such course as to render the officer responsible to him for the property. The officer is at liberty to surrender the receipt and permit the debtor to retain the property, and no suit could be maintained against him for so doing. 8 *Greenl.* 130, *Bradbury* v. *Taylor*; 11 *Mass. R.* 317, *Lyman* v. *Lyman*; 12 *Pick.* 202, *Howard et al.* v. *Smith*; 3 *Fairf.* 241, *Wheeler et al.* v. *Fish.* The officer being released from his liability to the creditor, the defendant may give that in evidence in mitigation of damages, where the debtor has the goods in his possession, as the officer cannot have occasion to recover them for the purpose of returning them to him. *Whittier* v. *Smith et als.* The plaintiff being responsible neither to the debtor nor creditor, his damages can be only nominal. 16 *Mass. R.* 5, *Cooper* v. *Mowry et als.*

The demand made of the defendant by the coroner could not prevent him from setting up this defence, as he was not responsible to him. He could not have discharged his contract with the plaintiff by a delivery to the coroner, as the coroner does not appear to have acted as the agent of the plaintiff, or by his authority, or to have professed to do so. The creditor having no right to control the receipt, could communicate no authority to the coroner; who can have no claim against the defendant by such demand. 3 *Greenl.* 357, *Clark* v. *Clough.* The act was wholly inoperative, and does not change the relation of the parties.

*The verdict is set aside, and a new trial granted.*