## BRUCE *vs.* PETTENGILL.

Where property is attached on mesne process, the return of the attachment, and any receipt taken for the same, should specify the articles attached.    Any neglect in this respect, however, will subject the officer to nominal damages merely, unless special damages are shown.

An instrument written—" For value received we promise to pay J. P., deputy sheriff, $400, being security for a writ," &c., was holden to be an acknowledgment of property to that amount received as attached on the writ, and to constitute a valid receipt.

CASE.    The first count set forth that D. Tenney & E. Gould were indebted to the plaintiff on a promissory note— that the plaintiff purchased out a writ on the same, returnable February term, 1837, and delivered it to the defendant, a deputy sheriff, on the 19th of October, 1836, to be served ; and that the defendant, on the same day, was in the store of Tenney & Gould, where were goods of sufficient value to secure the plaintiff's claim, which the defendant might have attached, but which attachment he neglected to make, whereby the plaintiff lost his debt.

The second count alleged that the defendant, having received the writ, attached the goods of Tenney & Gould, but did not retain and keep the goods, so that the plaintiff might take them on execution ; but improperly released and discharged them, whereby the plaintiff lost his debt.

The third count recited the recovery of the judgment and a delivery of the execution to the defendant, and alleged that the defendant refused to execute it, but returned it with a false return, indorsed thereon as follows: " Merrimack ss.,

Oct. 10, 1837. I have this day demanded of Peter Elkins the property attached by me on the original writ in this action, the same having been delivered by me to him, at the request of the defendants, on the day when the same was attached, for which I took the written security of the said Elkins to the value of said property, as returned on the writ; but said Elkins has neglected and refused to return said property to me; and, not being able to find any property of the defendants within my precinct, I return this execution in no part satisfied. John Pettengill, Dept. Sheriff." Whereas, in fact, the defendant did not deliver to Elkins the property, and did not take his written security on the day when it was attached; and Tenney & Gould had, on said 10th day of October, goods which the defendant ought to have taken, &c.

In support of the several counts in the declaration, the plaintiff introduced, in evidence, a writ in his favor against Tenney & Gould, dated 19th October, 1836, requiring the sheriff to attach goods to the value of $600; on which the defendant, as deputy sheriff, on the same day, made the following return, viz: "Merrimack ss., October 19, 1836. By virtue of this writ I have attached personal property of the within defendants of the value of $400."

The action was entered, and at the September term the plaintiff recovered a judgment, and delivered the execution to the defendant, who made thereon the return, as set forth in the third count in the declaration.

On the 10th of November, 1836, all the property of Ten- & Gould was attached by other creditors, and they are insolvent.

It appeared in the defence, that the defendant, having the writ on the 19th of October, 1836, went into the store of Tenney & Gould, and made a general attachment of the goods in the store, which were of the value of $3600, and requested them to get a receipter, saying he should shut up the store unless they got security.

They procured Peter Elkins, who was then reputed to be

of sufficient ability to respond the amount of the plaintiff's claim, and an obligation was taken by the defendant, in these words, viz :

"October 19, 1836. Value received, we promise to pay John Pettengill, deputy sheriff, four hundred dollars, on demand, and interest—said note being security to said Pettengill for a writ, Calvin Bruce *vs.* Tenney & Gould, which is this day sued." This was signed by Tenney & Gould, and by Elkins.

Something was said at the time about the form of the paper, but it was said it could be altered to the form of a receipt at any time.

The goods were left in the hands of Tenney & Gould, and they continued the sale of them until the 10th of November, when they were attached by other creditors.

Elkins died March, 1838, and his estate is insolvent.

The defendant has presented the obligation for allowance against his estate. On the 24th of March, 1840, the defendant tendered the obligation aforesaid to the plaintiff's attorney, who refused to receive it.

A verdict was taken for the plaintiff, by consent ; and it was agreed that judgment should be rendered thereon, or that the verdict might be amended, or set aside and judgment entered for the defendant, according to the opinion of this court on the foregoing facts.

*Perley,* for the defendant. A sheriff who has attached property on mesne process is bound to take the receipt of any one apparently in good circumstances who is willing to receipt for the delivery of the same. *5 N. H. Rep.* 433, *Runlett* vs. *Bell;* 9 *Ditto* 133, *Howard* vs. *Whittemore.*

The law does not contemplate that a lien on the property is to be retained. Reliance is had on the receipter, and the sum named in the receipt can always be recovered. *3 N. H. Rep.* 299, *Drown* vs. *Smith.*

The form of the security for the property is immaterial, if

Bruce *v.* Pettengill.

the substance of it is security. The law does not prescribe any form of receipt; it does not even require it to be in writing. Courts uniformly place the most favorable construction on the doings of an officer. 2 *N. H. Rep.* 142, *Bissell* vs. *Huntingdon.*

The case shows no prejudice to the plaintiff, and therefore, if the defendant is holden liable at all, he is liable only in nominal damages.

*Fletcher*, & *Bartlett*, for the plaintiff. The defendant attached property on the writ committed to him, sufficient to respond the debt, and subsequently released it in his own wrong.

It is said that the officer could have bailed the property to bailees. This is not denied; but he could not give up the property and take mere paper security, releasing the attachment. The officer could not even have taken the money, and discharged the debt.

The act of the officer was unauthorized. What, then, is the damage? The full debt.

*Perley*, in reply. There was no release of attachment in this case any more than in any other case of attachment where a receipt is taken. Where the goods go back to the possession of the debtor, in any case, the attachment, in respect to other creditors, is discharged. 5 *N. H. Rep.* 527, *Dunklee* vs. *Fales.*

UPHAM, J. There is an extensive practice prevailing with officers, to make nominal attachments of property on writs committed to them for service, without any actual exhibition of the property, or knowledge of its existence, and to take receipts for such property at a valuation sufficient to respond the amount which may be recovered in judgment.

Where suits have been brought on receipts taken in this manner, it has been uniformly holden that the receipter is estopped from denying either the attachment of the articles,

or their value, as specified in the receipt. 8 *N. H. Rep.* 238, *Morrison* vs. *Blodgett & a.* ; 11 *Mass.* 219, *Jewett* vs. *Torrey* ; 14 *Ditto* 190, *Bridge* vs. *Wyman & a.* ; 8 *Wend.* 610, *Phillips* vs. *Hall* ; *Story on Bailments* 95.

Ordinarily the creditor is not prejudiced by this course ; but an actual attachment of specific articles, in some cases might be more beneficial to the creditor, as such articles might be taken into the custody of the receipter, and thus preserved ; or, if permitted to go back into the hands of the debtor, might be afterwards reclaimed by the receipter, or by the officer, should the circumstances of the debtor change so as to render this expedient.

For these reasons it is better, where the debtor is in open, visible possession of attachable property, that an attachment of specific articles should be made ; and, where such an attachment is made, that the return of attachment by the officer, and the receipt rendered to him, should specify the articles taken. Such a return and receipt should be required, because the creditor should have all the advantages and facilities of holding and securing his lien on the identical property attached, which the law gives.

A mere general receipt, however, in such cases, is not void, and is no evidence of a relinquishment of the attachment by the officer. The most the creditor can claim, under such circumstances, is nominal damages for any such defect in service, until special damage is shown.

But it is contended in this case, that the property attached by the officer was released by him, without any receipt being taken.

It is clear that the instrument taken by the officer is not a receipt for specific articles ; and the question is, whether it is a general receipt in a given sum for property attached on the writ, so as to avail as such to the creditor.

The terms of the instrument are these : " For value received we promise to pay John Pettengill, deputy sheriff, four hundred dollars, on demand and interest ; said note being

security to said Pettengill for a writ, Calvin Bruce *vs.* Tenney & Gould," which instrument was signed by Tenney & Gould, and by Elkins.

This is a promise to pay to the officer the sum of four hundred dollars, as security for the writ in his hands against Tenney & Gould. The amount of the liability is distinct, and the instrument was clearly given as security to abide the judgment which might be rendered in that suit. It was taken officially, on service of process, for money or property received to that amount, and would have availed to the officer, or creditor, on demand, within thirty days from the rendition of judgment, as in all other cases of property taken on mesne process; and without such demand would have been of no effect.

This was the legal nature of the instrument, and it could only have been enforced in this manner. It does not follow the usual form of a receipt, yet such is its effect. The articles received are not specified, and in this respect the officer is in fault; but, notwithstanding this, the instrument taken is valid to the creditor, as a general receipt of property to the amount specified.

No evidence has been offered to show that special damage has arisen in the case; nothing to show that this obligation might not have been enforced precisely as any other receipt, except the insolvency of the receipter, who was in good repute as to property at the time, and whose failure could not have been foreseen, and for which the officer is not liable. 5 *N. H. Rep.* 433, *Rundlet* vs. *Bell;* 9 *Ditto* 134, *Howard* vs. *Whittemore.*

The acts of the officer are not such as to render his proceedings void. He has not made that full return, or taken such specific receipt of the property attached, as would be desirable in the service of process; but no evidence is submitted to us of any thing more than nominal damage arising to the plaintiff from these causes, and for this sum judgment will be rendered.

*Judgment for the plaintiff.*