NATHANIEL WATSON *vs.* PRESIDENT, DIRECTORS, &c. OF THE PHŒNIX BANK.

In a suit against a bank, to recover the amount of money deposited therein, the allowance of the plaintiff's claim by the receivers of the bank, appointed after the suit was commenced, furnishes sufficient proof of the plaintiff's demand. And *it seems* that the ledger of the bank, produced in court, at the plaintiff's request, by the president of the bank, and offered by the plaintiff, is admissible evidence of his claim, without producing the clerk who made the entries in the ledger.

When a bank suspends payment, and closes its doors against its creditors, a party who has deposited money therein may maintain an action to recover the amount of his deposit, without first making a demand of payment.

A party who brings an action against a bank that is afterwards restrained, by injunction, from further proceeding in its business, and whose property and effects are put into the hands of receivers, does not, by proving his claim before the receivers, but without receiving a certificate thereof, or taking a dividend, bar his right to proceed in the action.

In a suit on a demand due from a bank, the plaintiff is entitled to recover interest thereon from the time of action brought, although the bank is afterwards restrained, by injunction, from proceeding in its business, and its property is put into the hands of receivers.

ASSUMPSIT on the money counts, to recover $1650·38, the balance of a sum deposited in the Phœnix Bank. Writ dated October 5th 1842.

At the trial in the court of common pleas, before *Merrick*, J the plaintiff offered in evidence a book purporting to be the ledger of the Phœnix Bank, and called the president of the bank as a witness, who testified that he believed it to be such ledger, and that it exhibited correctly the balances due to depositors. The defendants objected to the introduction of the book, on the ground that it was not the best evidence which the nature of the case admitted, and because the entries therein were not proved by the clerk who made them. But the judge ruled that the book was admissible in evidence ; and the said witness testified, that it appeared by the book (and upon inspection of the book it did appear) that on the 3d of October 1842, a balance of 1650·38 was due to the plaintiff. The witness further testified, that on the same 3d of October the bank was " in embarrassed circumstances," and, by order of the directors, was not opened for business on that day ; that the witness, soon after 9 o'clock A. M. by the directors' order, locked the door of the bank ; and that, on the 4th and 5th of said October, the bank was not open for business, but that the bank commissioners were there, making an investigation ; that the ordinary business of the bank was suspended after October 2d ; that no payments of demands against the bank were made after that day ; and that, on the 6th of October, an injunction was issued by one of the justices of the supreme judicial court, on the application of the bank commissioners, restraining the further proceedings of the bank.

Another witness testified that, during the first week in October 1842, he was at the bank, employed by the president of the bank to " give notice, to persons who might call, of the embarrassed state of the bank, and that it had stopped payment ; " that the plaintiff, among others, called, and was told by the witness " what he was doing ; " that the plaintiff said he " had a good deal of money in the bank, and wished to go in and see about it ; " but that he was not permitted to enter the bank.

The defendants put into the case certified copies of the abovementioned application of the bank commissioners, of the writ of injunction, of the service thereof, and of the decree of

the supreme judicial court, passed on the 18th of October 1842, making the injunction perpetual, and appointing receivers to take charge of the estate and effects of the bank. The defendants then called one of the receivers as a witness, who testified that it was their practice, upon receiving satisfactory evidence of claims against the bank, to prepare certificates in duplicate, signed by all the receivers, one of which was issued to the creditor, and the other retained by the receivers ; that he had not signed any certificate to any one claiming to be creditor of the bank, without satisfactory evidence of his claim ; that there was in his book of certificates one to the plaintiff, dated April 18th 1843, for $1650·38 ; that on the back and face of said certificate was written, in pencil and in the hand writing of one of the other receivers, "dividend not to be paid ; " that the duplicate was not delivered to the plaintiff in person, but to E. Buttrick Esq. ; that the witness, in a conversation with Mr. Buttrick respecting the plaintiff's affairs, discovered that the certificate prepared for the plaintiff had not been delivered to him, and that "Mr. Buttrick, at the request of the witness, took it, to be delivered to the plaintiff."

There was no evidence of Mr. Buttrick's authority to act tor the plaintiff, in receiving the said certificate, besides the fact that he was the plaintiff's attorney of record in the present suit.

The defendants contended that the plaintiff could not maintain this action, for want of a previous demand on them. But the judge instructed the jury, that if the bank had failed and stopped, and had closed the doors of its banking house against the entrance of depositors and holders of demands against the bank, and had given public notice thereof, before the commencement of the plaintiff's action, no demand by him, either written or oral, was necessary to entitle him to maintain it for any balance due to him for moneys deposited.

The defendants further contended, that the application of the bank commissioners to the supreme judicial court for an injunction, and the subsequent proceedings of said court, the appointment of receivers, and the other matters testified to by one of the receivers in regard to the plaintiff's proving his claim

before the receivers, and to their issuing of a certificate, con-stituted a bar to the further prosecution of this action. But the judge instructed the jury, that whether the plaintiff proved his claim before the receivers or not was immaterial, and that none of his proceedings aforesaid were such a bar as was contended for by the defendants.

The defendants also contended that, if the plaintiff was enti-tled to recover any thing, he could not recover interest on the amount of his claim, after the service of the writ of injunction. But the judge instructed the jury, that if they found any thing due to the plaintiff, he was entitled to interest thereon from the date of his writ.

The jury returned a verdict for the plaintiff. for $1650·38, and interest; and the defendant alleged exceptions to the in structions given to the jury.

*W. J. Hubbard*, for the defendants.

*Buttrick*, for the plaintiff.

HUBBARD, J. The plaintiff, in support of his claim, produced the ledger of the defendants, and offered the president of the bank as a witness to prove the entry to his credit in the book. The defendants objected to the introduction of this testimony, on the ground that it was not the best evidence which the na-ture of the case admitted, and because the entries therein were not proved by the clerk by whom they were made; but the objection was overruled.

1. It was argued by the counsel for the defendants, that the bank book of the plaintiff, in which the deposit was entered, was better evidence of the amount due than the books of the bank, and ought to have been produced.

The bank book, so called, is a small book in which the entries of deposits made by the depositor are entered by a clerk of the bank, and correspond with the entries in the bank books; and they are made for the convenience of the depositor, who keeps the book to regulate his checks upon the bank, that he may not overdraw his account. But the book does not prove itself, and the entries it contains furnish no better evidence of the plaintiff's claim than the entries in the books of the bank;

when admitted, they are of equal weight. The question then arises, whether the president of the bank, who did not make the entries, was a competent witness to prove the charge.

If the book had been offered by the defendants, to sustain their defence to the suit, the entries must have been proved by the clerk who made them, or evidence offered of his hand writing, in case of his death or absence from the country. But, in the case at bar, the book is produced by the president of the bank, at the request of the plaintiff, and it is admitted to be the ledger of the bank. Now this court have held, that the books of a bank are open to depositors, and that the bank is bound to produce them on all proper occasions. The officers of the bank having the charge of the books are to be so far considered as agents for both parties. *Union Bank* v. *Knapp*, 3 Pick. 108. Whether the book thus produced, and proved by the president to be the book of the bank, is *prima facie* evidence of the credits therein contained, to sustain the plaintiff's claim, we do not feel called upon to decide; because the other evidence which has been offered of the allowance of this claim against the bank by the receivers, and which was introduced by the defendants for another purpose, furnishes satisfactory proof of the plaintiff's demand, without a resort to the books of the bank; and the evidence, therefore, derived from that source becomes immaterial.

2. It is contended, that the plaintiff was bound to prove a demand before the commencement of the suit. The declaration consists of the common money counts, and the specification of the plaintiff's demand shows that it is for money deposited with the defendants. When money is deposited in a bank, to be drawn at the pleasure of the depositor, the bank is not liable to an action without a previous demand. The request is parcel of the contract, and must be proved. The bank agrees to pay to the order of the depositor; but if it were liable to a suit without previous demand, it would be under the necessity of refusing all deposits, or of making special contracts in every case. The duties of the parties are reciprocal; the one to pay on demand, the other to make such demand before a right of

19 *

action accrues.   But where the bank has suspended payment,
and closed its doors, and refuses to admit its creditors, there a
demand would be unavailing, and the bank, by its acts, has
waived the necessity of a demand.   *Cooper* v. *Mowry*, 16
Mass. 7.

. It appears also that the plaintiff went to the defendants'
banking house, for the purpose of obtaining the money depos-
ited by him ; but that he was purposely excluded by the person
appointed by the president of the bank to prevent persons from
entering the bank, in consequence of its suspension of payments.
And this act we deem equivalent to a demand on the part of
the plaintiff.

3.   But it is further contended, by the defendants, that the
plaintiff, having proved his demand before the receivers of the
bank, cannot now maintain the present suit ; and he likens it to
the case of a creditor's bill, where injunctions are granted to
restrain creditors from proceeding at law, when the suit is
brought in behalf of all the creditors ; and also to the case of a
party who is pursuing his remedy in two courts at the same time,
and is enjoined in equity from prosecuting his claim in more
than one court.   *Jackson* v. *Leaf*, 1 Jac. & Walk. 229, and
1 Story on Eq. § 549.   And we are of opinion, that, where a
party like the present plaintiff has a suit at law, in which he has
made an attachment which is not dissolved by the subsequent
proceedings of the bank commissioners, he is bound to make
his election, and is not entitled to the benefit of both funds, to
the exclusion of other creditors.   But we are likewise of opin-
ion, that he is not concluded as to this election by the mere
proof of his debt before the receivers, they not having required
of him to give up to them the evidence of his demand, nor
agreed to pay him a dividend.   The case of *Morse* v. *City of
Lowell*, 7 Met. 152, presented a question somewhat analo-
gous.   There, the defendants, being judgment creditors of the
plaintiff, proved their demand under the commission of bank-
ruptcy, for the purpose of contesting his discharge ; they being
fiduciary creditors.   But the court deciding that he was entitled
to his certificate, they filed a petition for leave to withdraw their

claim, which was granted. The defendants then caused the plaintiff to be committed on execution ; upon which he brought his action against them, for trespass and false imprisonment. But the court held, that having elected to withdraw their claim upon the estate of the plaintiff, in the hands of his assignee, and leave being granted them to do it, they had still the right to pursue their remedy at law. And so in the present case, we think the plaintiff had not proceeded so far as to prevent his making his election. He had not filed his evidence of debt ; he had received no dividend ; and the receivers had entered a caution not to pay him a dividend. There was then left to him the *locus penitentiæ,* and having now decided to pursue his remedy at law,* he has a right to do it, notwithstanding his proceedings before the receivers.

4. We are also of opinion, that the plaintiff is entitled to interest on the balance due to him, from the commencement of his action.

*Exceptions overruled*

---

* It was understood that the plaintiff had secured his demand by an attachment, which was held, in *Hubbard* v. *Hamilton Bank,* 7 Met. 340, not to be dissolved by the subsequent proceedings a ainst the bank.