JOHN HARRIS *versus* WINSLOW MORSE *& al.*

A receipt for goods attached, signed on Sunday, but not delivered until Monday, is a valid contract.

Receipters are liable for the property described in the receipt, if attached upon the writ, although not the property of the debtor.

The objection that such a receipt, under seal, cannot be the foundation of an action of assumpsit, is waived, if the defendant fails to notice it in his specifications of defence, and does not object to its introduction, when offered in evidence.

ON REPORT.

ASSUMPSIT upon a receipt taken by the plaintiff as deputy sheriff, for goods attached by him.

The case is stated in the opinion.

*N. M. Whitmore*, for plaintiff.

*F. D. Sewall*, for defendants.

The opinion of the Court was drawn up by

TENNEY, C. J.—This is an action of assumpsit upon a receipt, alleged to have been given by the defendants, for property attached by the plaintiff, as deputy sheriff, on a writ in favor of Lorenzo Matthews, against Joseph M. Frost. The report of the case shows that the general issue was pleaded with specifications of defence, alleging that the property attached on the original writ was not the property of Frost. No copies of the writ, pleadings, specifications of defence, and receipt upon which the action was brought, and which was presented in evidence, have been furnished, but we are relieved from embarrassment by this omission, as we infer from the statements of counsel in argument on both sides, that in addition to the ground of defence, that the property attached was not that of Frost, the defendants put into their specifications, that the demand of the property by the plaintiff was denied; and that it was alleged that the receipt was given on the Lord's day.

Harris *v.* Morse.

It was asserted by the defendant's counsel, and not denied on the part of the plaintiff, that a seal was affixed to the signatures of each of the defendants, but the specifications did not make this a ground of defence.

After the evidence had all been introduced by the agreement of the parties, a nonsuit was entered, and the case was to be submitted to the whole Court, on a report, with the authority to draw such inferences from the evidence as a jury might do, and the nonsuit to stand, or be discharged, and a default entered as the Court should find the facts and apply the law.

The demand of the property was properly made, and on this ground there is no impediment to the plaintiff's recovery. No attempt appears, from the case, to have been made to prove that any of the property described in the receipt was not that of Frost.

One of the defendants executed the receipt in the forenoon, and the other about noon, on Sunday. But it satisfactorily appears, from the evidence, that the plaintiff on Saturday wrote the receipt and gave it to Frost for the purpose of obtaining signatures thereto; and, on Monday, next following, it was brought to him by Frost, executed, and the plaintiff had no knowledge at what particular time the signatures were made.

The receipt was not a contract of binding validity until its delivery to the plaintiff, after its execution. *Hilton* v. *Houghton*, 35 Maine, 143. This objection fails.

The plaintiff testified that the doors, sashes and blinds, referred to in the receipt, were not attached by him, Frost saying that they were not his property. But, when the receipt was written, he testified that they were put into the receipt at the request of Frost. Whether they were returned on the writ as attached, we are not informed. If they were so returned, being a part of the property represented in the receipt as attached, the defendants are liable therefor, as for the other property described therein. *Jewett* v. *Torrey*, 11 Mass., 219.

The defendants are presumed to have known the form of the action and of every allegation in the writ, before they filed their specifications; and they are supposed to have known the character of the instrument declared upon ever after they executed it. They not only omitted to notify the plaintiff, in their specifications, of this ground of defence, but they made no objection to the receipt, when it was offered in evidence in support of the declaration. They made at that time no suggestion, that they were surprised, that the receipt was in form a deed, nor did they ask for leave to amend their specifications; they intimated no reliance upon any irregularity in the form of the action, nor did they deny that it could be maintained upon the receipt adduced. This ground of defence must be treated as waived before and at the trial. *Hart* v. *Hardy*, 42 Maine, 196.

<em>Nonsuit discharged. — Defendants defaulted.</em>

RICE, MAY, GOODENOW and KENT, JJ., concurred.