### John F. Torrey *vs.* Ebenezer Otis.

### Knox. Decided December 8, 1877.

67 573
92 39

#### *Attachment.*

An officer, having attached property on a writ and delivered the same to a third party upon his own responsibility, and, for his own convenience, taken an accountable receipt therefor, is still liable to the parties, by virtue of the attachment, for the safe keeping and legal disposition of such property.

Such receipt is a contract between him and the signer alone, and, so long as his liability to either party continues, can be discharged only by his consent.

The attaching creditor, having obtained judgment in his action and taken the steps necessary to perfect the lien under his attachment, cannot release the receiptor's obligation to the officer, so long as he retains his judgment against the debtor, even though in the writ made before the attempted release, the officer declares as his ground of action his liability over to the creditor.

On report.

Assumpsit on the following receipt, dated March 27, 1871, and signed by the defendant:

"Received of J. F. Torrey, deputy sheriff, for safe keeping, the goods and chattels following, viz:—a certain lot of soft wood now on board the schooner Maria, of Rockland, which wood was taken on board of the property of O. Long, H. D. Byard and F. Knight, of the supposed value of $150, which property the said officer has taken by virtue of a writ against Henry D. Byard,

Owen Long and Francis Knight, favor of William J. Fogg, and in consideration of one dollar paid by the above named officer, the receipt whereof I do hereby acknowledge, and I hereby promise and agree safely to keep and to redeliver all the property above mentioned to the said officer, to his order, or to his successor in office, on demand, to be delivered at Rockland, in like good order and condition that the same is now in, free from all charge and expense to the above named officer, or the creditor aforesaid; and agree that a demand on me shall be considered as binding; and I further agree that if no demand be made I will within thirty days from the rendition of judgment in the action aforesaid, redeliver all the above described property as aforesaid, that the same may be taken in execution."

The plea was the general issue. Judgment was recovered in the action *Fogg* v. *Byard et als.* and trustees, December 15, 1874, for $200 and costs of suit, $29.43. Execution issued thereon January 13, 1875, on which was the following return, dated January 14, 1875, and signed by the plaintiff.

" The personal property attached on the original writ in this suit, having been delivered to Ebenezer Otis and his receipt taken therefor, on the fourteenth day of January, 1875, the same being within thirty days after judgment was rendered in said suit, I demanded of the said Otis the said property so attached, but the said Otis neglected and refused to redeliver the same to me. I therefore return this execution in no part satisfied."

The demand of the wood was admitted. The defendant offered in defense, the following receipt, dated December 23, 1875, and signed by William J. Fogg, the judgment creditor in the action in which the wood was attached.

" Received of Ebenezer Otis, $55.86, net proceeds of sale of wood attached on writ William J. Fogg against Henry D. Byard and others, in April, 1871, and in full discharge of all costs and of the receipt given John F. Torrey, deputy sheriff, by said Otis on attachment of the said wood."

The case was thereupon withdrawn from the jury, and submitted to the law court for decision. If the receipt of Fogg is admissible and constitutes a defense the action to stand for trial, if not, it is to be defaulted.

*A. P. Gould & J. E. Moore,* for the plaintiff.

I. The discharge was not admissible under the plea of the general issue. The defense of settlement, after action brought, should be by a special plea to the further maintenance of the action, if before issue joined ; or *puis darrein,* if afterwards. *Rowell* v. *Hayden,* 40 Maine, 582, 585. *Fiske* v. *Holmes,* 41. Maine, 441.

II. The creditor had not the power to discharge the officer from his liability to the debtor for the wood attached, or to the attorney for his lien.

III. Judgment should be entered for the plaintiff for $150 and interest, the value stated in the officer's receipt ; no evidence having been offered to show a less value.

*A. S. Rice & O. G. Hall,* for the defendant.

A deputy sheriff, having made an attachment of property, is answerable for it, either to the creditor or the debtor, and unless he is answerable to one or the other, he can maintain no action against a receiptor. *Moulton* v. *Chapin,* 28 Maine, 505, 507.

In this case no liability over to the debtor is either alleged or disclosed; but the officer declares, as his ground of action, that he is answerable to the creditor, who has recovered judgment for damages exceeding the value of the property receipted for, that execution duly issued, and that the property was seasonably demanded of the receiptor, to be taken on said execution. The creditor is, therefore, the plaintiff in interest, and if he discharges the officer from liability, he acquires an equitable title in the receipt, founded on a sufficient consideration, which authorizes him to maintain an action thereon in the name of the officer, but for his own benefit, and, by the same reasoning, to release and discharge the receiptor from his contract. *Farnham* v. *Gilman,* 24 Maine, 250. *Hapgood* v. *Fisher,* 30 Maine, 502.

The receiptor's obligation, being only an indemnity to the officer, is discharged when the officer is released. *Plaisted* v. *Hoar,* 45 Maine, 380. *Harmon* v. *Moore,* 59 Maine, 428.

The release offered in defense operates as a discharge of the officer from liability, so far as the creditor is concerned, which is the sole cause of action relied on.

The officer being liable over to the creditor at the time this suit was commenced, is entitled to maintain it; but his liability having been discharged since action brought, he can recover nominal damages only. *Norris* v. *Bridgham*, 14 Maine, 429, 431.

DANFORTH, J. March 27, 1871, the plaintiff attached a quantity of wood, valued at $150, on a writ in favor of William J. Fogg against Henry D. Byard *et als.* and on the same day delivered it to the defendant for safe keeping, taking from him the instrument upon which this action is brought. That writ went to judgment and such proceedings had thereon as to hold the officer accountable for the property attached ; and it is conceded that such accountability, and, in consequence thereof, the liability of the defendant, continued up to and for some months subsequent to the date of the writ in this suit. December 23, 1875, the present action pending in court, the attaching creditor in the original suit gave to the present defendant a writing acknowledging the receipt of $55.86, net proceeds of the sale of wood attached "in full discharge of all costs and of the receipt given John F. Torrey, deputy sheriff, by said Otis on attachment of said wood."

The only question raised is as to the admissibility of this paper as testimony and its effect in defense of the present action.

As the defendant was liable at the time this suit was commenced, it is not claimed that it is admissible otherwise than in mitigation of damages. But waiving any objection to its reception on the ground of insufficiency of pleading, we see no principle of law upon which it is competent for any purpose, even if it had been given before the commencement of this action.

It does not appear, as in *Farnham* v. *Gilman*, 24 Maine, 250, 254; and in *Hapgood* v. *Fisher*, 30 Maine, 502, that the receipt for the wood attached was taken at the request or with the approval of Fogg, the attaching creditor, or that he subsequently ratified the act. Nor does it appear that the property attached was returned to the owners. On the other hand, it does appear by the officer's return on the execution that it was delivered to Otis and his receipt taken therefor. It follows that neither the

creditor nor debtors were in any sense a party to the receipt, or had any interest in or control over it. It was taken by the officer upon his own responsibility and for his own benefit. It could therefore be discharged only by him. *Clark* v. *Clough*, 3 Maine, 357. *Whittier* v. *Smith et als.* 11 Mass. 211. The liability of the officer growing out of the attachment remained in full force, and to that and that alone are the parties to the suit to look to enforce such rights as they may have. He was liable to the attaching creditor so long as the attachment continued in force, and to the debtor for the return of the property when the attachment should be dissolved.

It is true that, if the officer were discharged from both these liabilities, his right and interest in the property attached would cease, and, having no longer any interest, he could not recover upon the receipt. But, until he is thus discharged, the liability of the signer of the receipt can only be released by his consent.

In this case, there is no pretense that the original debtors have done anything to relieve the officer from any claim they may have, if any such there may be.

It is quite probable that the paper given by the creditor might release the officer from any suit in his favor, but how can it affect the debtor. True the creditor's judgment is sufficiently large to cover all the property attached, and his demand having been seasonably made, he is entitled to have the property applied to it. So the debtors have the same right. They are interested that the judgment against them should be paid and have a legal claim upon the officer that the property attached should be so applied, unless it is restored to them, neither of which has been done. The receipt given purports to discharge that given for the attached property, but it does not discharge the debt or any part of it, or purport to do so.

It was given for an amount very much smaller than the estimated value of the property and for the net proceeds of its sale, while there is no evidence whatever tending to show that the wood was not worth its estimated value, or that it was sold by consent of the parties in interest, or in pursuance of any provisions of law.

The judgment stands against the debtors and they have received no benefit from their property, nor has it been disposed of with their consent or by authority of law. Their claim then, against the officer for its value, or to have it applied in payment of the judgment, remains unimpaired.

It is however said in the argument, that "no liability over to the debtors is alleged or disclosed ; but the officer declares, as his ground of action, that he is answerable to the creditor." What the allegations may be we are not informed, as no copy of the writ has been furnished. But the report informs us that the action is "assumpsit upon an officer's receipt," which would be sufficient to hold the defendant if the officer is liable either to the creditor or debtor, as we have seen he is.

But assuming that the writ places the officer's liability upon the ground supposed, it would be literally correct as the facts were at its date and substantially correct as they now are. The judgment is not discharged, the property has not been applied ,in its payment and it is the duty of the officer to see that it is so applied. If the defendant has taken a receipt from one not authorized to give it and has neglected to see that the property was properly disposed of, the officer is not relieved from his duty of making such application, and if the writ is not now technically applicable to a change of facts illegally made, it is not for the wrongdoer to complain.

The report of the case makes no provision for the assessment of damages, but only for a default if the receipt is not admissible or does not constitute a defense. As it is not admissible a default must be entered, but as there is good reason, as shown by the report, to suppose that the officer may have been in part at least relieved from his liability resulting from the attachment, as would be the case if the property has in whole or in part been legally applied in payment of the judgment, and as the defendant's liability is commensurate with that of the officer, there should be a hearing in damages.

*Defendant defaulted to*
*be heard in damages.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.