The People of the State of Illinois for use of I. Fuchs, Appellant, v. Bernard W. Snow, Principal, and Maryland Casualty Company, Appellees.

Gen. No. 33,200.

Opinion filed May 29, 1929.

SCHOEN & GREEN, for appellant.

ROBERT P. ROLLO, for appellees.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action on the official bond of defendant Snow as bailiff of the municipal court of Chicago. There was a trial by agreement before the court which resulted in a finding against the plaintiff and a judgment thereon of *nil capiat* and for costs, and plaintiff brings the record to this court by appeal for our review.

It appears that the plaintiff obtained on May 20, 1927, a judgment against the Logan Gift Shop for $402 and costs; that on August 26, 1927, there was in the hands of defendant Snow, as bailiff of the municipal court, an execution upon the foregoing judgment, and that under such execution he had levied upon certain personal property of the Logan Gift Shop in the City of Chicago and had advertised the same for sale at auction, as by law provided, at 2:30 o'clock in the afternoon of the last-mentioned date.

At the time and place appointed for the sale the defendant, Bailiff Snow, by one of his deputies, attended and proceeded to offer for sale the goods levied upon under the execution. After knocking down in the usual fashion many of the articles offered, the further sale was interrupted by the service of an order of the District Court of the United States, sitting in bankruptcy, in the matter of the Estate of Logan Gift Shop, a bankrupt. All the acts of the bailiff regarding the sale were not only suspended, but all the acts theretofore done in proceeding with the sale were rescinded. No money was retained from the bidders, and subsequently all the goods levied upon under the execution were by Bailiff Snow released and surrendered to one Maurice Klein, receiver of the estate of Logan Gift

Shop, a bankrupt, without any order or direction so to do from said District Court on the 26th day of August, 1927.

The facts are not in dispute, the contention of plaintiff being that Bailiff Snow had no lawful right to surrender the goods levied upon by him under plaintiff's execution, and that in so doing lost to plaintiff the lien which he had upon the goods so levied upon, which it is not controverted were of sufficient value, if the sale had been continued until all the levied upon goods had been sold, to satisfy the amount due under the judgment and the execution issued thereon to satisfy plaintiff's judgment with costs, it being in evidence that the goods were not only of value sufficient to bring the amount of the execution with costs, but that a bidder was present and stood ready to bid for the property the amount due under the execution with costs, and made such an offer to the bailiff.

Plaintiff concedes that the bailiff was within his rights in obeying the injunctional order of the United States District Court, but that his neglect of duty arose from his failure promptly to postpone the date of sale as provided by statute, and by his affirmative act in surrendering the property levied upon, thereby invalidating the lien of the execution without any order of the municipal court directing him so to do.

Plaintiff further admits that the bankruptcy court had the right to restrain the proceeding in the State court until the respective rights of the trustee in bankruptcy and the municipal court judgment creditor be adjudicated by a court of competent jurisdiction. The order of the District Court in the matter of the bankruptcy of Logan Gift Shop recited that the matter coming up for hearing before the referee sitting in the absence of the judge of the court, upon the verified petition of Carson, Pirie, Scott & Co., Albany Lamp Shade Co. and Percy M. Rose, the plaintiff and the

bailiff, their agents, deputies or representatives were restrained from proceeding with the sale of the assets of Logan Gift Shop under the writ of execution of the municipal court, or turning over the proceeds to any person, in the event that the sale had already been consummated.

While there is no dispute as to the time of the filing of the bankruptcy petition and the entry of the order restraining the bailiff from proceeding with the sale, etc., there is no dispute but what the restraining order was served while the sale by the bailiff's deputy was progressing and before it had been completed. The rule regarding a levy of an execution upon property sufficient in value to discharge the amount of the judgment with costs is as stated in the early case of *Smith v. Hughes*, 24 Ill. 270, the court saying:

"No rule is better settled, or more uniformly acquiesced in, than that a levy of personal property, sufficient in value to discharge the execution, is a satisfaction of the judgment. When the officer has seized property of the defendant, on execution, it is thereby appropriated by the law to its payment, and the officer is bound for its custody, and that it shall answer for the debt. . . . Nor has the officer making the levy, any power, on his own mere motion, to release a levy and seize other property. . . . Where a levy has been made, unless released by agreement of defendant, it can only be removed by a sale, or by an order of the court issuing the execution."

It is patent that Bailiff Snow was not by the injunctional order required or authorized to deliver the property levied upon by him under plaintiff's execution in the municipal court to the receiver of Logan Gift Shop under the order served upon him at the time he stopped the sale. Neither was he authorized so to do by any order of the municipal court, and without an order either from the municipal court or in the bankruptcy

proceeding authorizing him to deliver the property levied upon to such receiver, he had no business to make the delivery which he did. The law on this subject is well stated in Brandenbury on Bankruptcy, section 250, where the author states that:

"The bankruptcy court will also restrain a threatened levy by a sheriff to satisfy a judgment against the trustee. If a levy be made upon the bankrupt's property upon an attachment granted within four months of the filing of the petition, the sheriff is not required to assume the responsibility of releasing the levy, but the trustee should apply to the court granting the attachment for an order releasing the same." *Hardt v. Schuylkill Plush & Silk Co.*, 8 A. B. R. 479.

The order of the bankruptcy court in Logan Gift Shop, Bankrupt, cannot be attacked collaterally in this proceeding. In *Cooper v. Mowry*, 16 Mass. 5, the court said:

"Where the attachment has been released without the consent of the sheriff or the creditor, the attaching officer cannot avoid his obligation. . . ."

That was an action by the sheriff against his deputy on his bond for unauthorizedly releasing property levied upon under due process of law.

While the bankruptcy court was impotent to interfere with the jurisdiction of the municipal court, yet it had the right to enjoin plaintiff, a creditor of the bankrupt, from proceeding further to enforce his rights by enjoining the bailiff of the municipal court from proceeding further with the sale under the execution. The lien, if any, plaintiff had under the levy made by defendant Bailiff Snow under the municipal court execution may be a matter of adjudication in the bankruptcy court. If the bankruptcy court should hold that the municipal court execution was a lien paramount to the title which the receiver required under his appointment as such in the Logan Gift Shop bankruptcy

proceeding, that is a matter which may be determined in a summary proceeding in the District Court under the Bankruptcy Act. In other words, the rights of the parties may still be settled in the bankruptcy proceeding. By the admission of plaintiff there is but $227, exclusive of costs, with legal interest from the date of the judgment, due.

For the unauthorized delivery by Bailiff Snow of the goods levied upon by him under the execution issued upon the judgment of the plaintiff in the municipal court, the judgment of the municipal court is reversed and the cause is remanded for a new trial in accord with the views in this opinion expressed.

*Reversed and remanded.*

WILSON and RYNER, JJ., concur.