Parsons, C. J.
It is stated, in the case agreed, by .the parties, that Charles F. Kentor and Gerard Von Harten were partners in trade, doing business under the firm of Kentor Sf Von Harten ; that, the partnership being insolvent, the partnership effects were duly attached by the defendant, at the suit of a creditor of the partnership, on the 28th day of March, 1806 ; that, afterwards, on the same day, in the forenoon, the defendant again attached the * same effects at the suit of Messrs. Sheelc [ * 243 ] and Foss, creditors of Von Harten only; that, after-wards, on the same day, the defendant again attached the same *198 effects at the suit of the plaintiff, brought against the partnership for a partnership debt ; that judgments were recovered in these suits, and executions issued within thirty days thereafter; that, by the execution issued on behalf of the first attaching creditor, the effects were seized and regularly sold, and out of the proceeds that execution was satisfied; that a balance remained in the defendant’s hands, claimed both by Sheek and Foss, and also by the plaintiff, but not sufficient to satisfy either of their executions ; and that the defendant applied it to the execution sued out by Sheek and Foss, returning the plaintiff’s execution in no part satisfied. And whether the defendant did right, or whether he ought to have applied the balance towards the plaintiff’s execution, is the first question.
At common law, a partnership stock belongs to the partnership, and one partner has no interest in it, but his share of what is remaining after all the partnership debts are paid, he also accounting for what he may owe to the firm. Consequently, all the debts due from the joint fund must first be discharged, before any partner can appropriate any part of it to his own use, or pay any of his private debts ; and a creditor to one of the partners cannot claim any interest, but what belongs to his debtor, whether his claim be founded on any contract made with his debtor, or on a seizing of the goods on execution. There are several cases, by which these principles, so reasonable and equitable, are recognized and confirmed. (1), (2)
But it is said that our statutes authorizing attachments to be made on original writs, to secure such judgments as may on such suits be recovered, have in this respect altered the common law. Whatever goods are attached, must be seized on execution within thirty days after judgment, or the lien arising from the attachment is gone. It seems, therefore, very clear that chattels [ * 244 ] which cannot lawfully * be seized on execution cannot *199 lawfully be attached ; and as the right to seize chattels on execu tian remains as at common law, so must the right to attach by original writ depend on the common law; and therefore the right of attachment, given to creditors, can have no influence on this question.
When these principles are applied to the facts stated, the result is, that the officer has misapplied the balance in his hands, if the plaintiff be a creditor of the partnership ; for it is agreed that the partnership was insolvent, and that no interest therein remained tc either of the partners, after the debts of the company were paid. But the debt of Sheek and Foss was due, not from the firm, but from Von Harten, one of the partners. And the plaintiff’s demand was a claim upon the partnership.
The defendant contends that there was no debt due from the company to the plaintiff, and that his judgment was obtained by fraud. On this point, the following facts are agreed in the case, (if, on the trial, it was competent for the defendant to have given them in evidence:) — that the plaintiff’s action was on a note made by the company to a third person, but not payable until several days after the plaintiff’s writ was sued out, and the attachment by virtue of it was made; that the endorsement to him was a forgery by one of the company, and not made by the promisee ; and that, after he had recovered judgment against the company, they released to him all errors.
If, upon these facts, the judgment appears to be fraudulent against creditors, any creditor on whom it is a fraud may give them in evidence; and if Sheek and Foss would be defrauded by it, the defendant, whom they have indemnified, may, in our opinion, give them in evidence.
A suit is sometimes commenced when the plaintiff well knows that no cause of action has accrued to him, but his object is to obtain security by attachment, in preference to other creditors, who have causes of action. This attempt is against law, and a fraud on the other creditors, * for whom some remedy [ * 245 ] ought to be provided. The debtor joining in the fraud, either to defend the suit or by releasing errors, cannot defeat the creditor of his legal right to attach. If, therefore, the plaintiff, when he caused the attachment to be made on his writ, had no cause of action, he cannot claim the benefit of his attachment against a creditor having a good cause of action. (3) And a cred *200 itor of one of the firm has a right to attach the partnership effects, against all creditors, whose demand is not upon the company.
But the plaintiff insists that, as the endorsement was a forgery by one of the partners, he immediately had a cause of action for money had and received against the firm, for the consideration he paid to obtain the endorsement.
This reasoning cannot be admitted; for, if he had no demand on the company by virtue of the endorsement, he could have none in consequence of the fraudulent endorsement; because a fraud committed by one of the partners shall not charge the partnership. (4)
Whether, therefore, the return by the defendant is, or is not, true, the plaintiff has received no injury from it, and cannot maintain this action against the defendant.
If afterwards Sheek and Foss should be attached as trustees to Kentor & Von Harten, at the suit of a partnership creditor, it may then be determined whether they can hold this balance against a creditor of the company.

Plaintiff nonsuit.

 1 Doug. 650, Eddie vs. Davidson. — 4 Ves. Jun., 396, Field vs. Clark, in the Exchequer.

 [Fishe & Al. vs. Herrick and Trustees, post, 271. — Allen vs. Wells, 22 Pick. 450. — Melville vs. Brown, 15 Mass. 82.— Tappan vs. Blaisdell, 5 New Hamp. Rep. 190. — But see Lord vs. Baldwin, 6 Pick. 348. — French vs. Chase, 6 Greenl. 166. — Church vs. Knox, 2 Conn. 514. — Barber vs. Hartford Bank, 9 Con. 407. — Donner vs. Stuffer, 1 Penn. Rep. 198. — Until the affairs of the copartnership are wound up and settled, the claim of a partner is, strictly speaking, merely equitable; for, until then, no action can, in general, be maintained at law, by one partner against the other, for a portion of the profit, or to enforce contribution to pay any loss. — Williams vs. Henshaw, 11 Pick. 79. —12 Pick. 378. — Brinley vs. Kupfer, 6 Pick. 79. — Johnson vs. Ames, 6 Pick. 33. — Story's Com. Law of Partnership, p. 322, c. 11, § 221. — The separate property of each member of the firm is liable at law to be taken in execution by any creditor of the firm. — Allen vs. Wells, ubi sup. — Newman vs. Bagley, 16 Pick. 570. - M'Culloh vs. Dashiell, 1 Har. & G. 96. — Tucker vs. Oxley, 5 Cr. 35. — Ed.]

 [If the judgment, confirmed by a release of errors, were for a debt of the partnership, upon the principle just stated, it could have made no difference whether it was for a debt payable presently, on which an action could be maintained, or for a debt debitum in presentí soLvendum in futuro. In either case, application of the part *200 nership property to pay it could not be a fraud upon any creditor of any one member of the firm; for such creditor can only seize on execution, and sell the interest of that member. — Ed.]

 [A fraud committed by one of the partners, in the course of the partnership business, without any knowledge of the other copartners, will bind and charge the co-partnership. — Story's Com. Part. c. 8, § 131. — Collyer, 293, 300. — Gow. 55, 56, 147 —151, 3d ed. — Sandilands vs. Marsh, 2 B. & A. 673. — Jacaud vs. French, 12 East, 317. — Rapp vs. Latham, 2 B. & A. 795. — Stone vs. Marsh, 6 B. & Cr 551. — Ex-parte, Bolland's Mont. and M. 391. — Richmond vs. Heapy, 1 Stark. 202. — Johns vs. Peck, 3 Stark. 66. — Long vs. Harderne, 4 B. & Cr. 223. —Nichol vs. Glennie, 1 M. & S. 558. — Lock vs. Stearns, 1 Metc. 560. — Attorney-General vs. Siddon, 1 Tyrw. 41. — 1 Cr. & J. 220.— Willet vs. Chamber, Cowp. 814. — Mechanics Bank vs. Gore & Al., 15 Mass. 75. — Boardman vs. Gore & Al., 15 Mass. 331. —Ed.]