JOHN DOUGLAS & *al. versus* HEZEKIAH WINSLOW.

The interest of each partner in the partnership property is his portion of the *residuum* after all the debts and liabilities of the firm are liquidated and discharged.

A creditor of one of the firm may attach their goods so far as his debtor has an interest in them, subject to the paramount claims of the creditors of the firm.

THIS was an action of trespass brought by the plaintiffs as copartners against the defendant, a deputy sheriff, for taking and carrying away a certain quantity of goods belonging to their copartnership. The writ was dated Oct. 10, 1837.

The defendant first attached the goods in dispute by virtue of a writ in favor of Jenness & March, against Thomas G. Brown, one of the plaintiffs, on July 18th, 1837. The goods then attached were retained by him, and were attached subsequently on Nov. 8th, 1837, by virtue of a writ in favor of Alfred Willard & Co. against Tho's G. Brown & John Douglas, as copartners under the name of Tho's G. Brown & Co. Judgment was obtained in these suits, and the executions were seasonably placed in the hands of a deputy sheriff, by whom the property attached was sold and the proceeds applied to the payment of the last mentioned suit against the firm of T. G. Brown & Co.

There was evidence tending to show the existence of a firm as alleged by the plaintiff, but this point was rendered immaterial by the decision.

Upon these facts being proved or admitted, EMERY J. who presided at the trial, ordered a nonsuit with leave for the plaintiff to set it aside upon the report of the Judge.

*J. McDonald,* for the plaintiffs, contended that partnership funds must first be applied to the payment of partnership debts, and the creditor of one of the firm can sell only the interest of that partner after the joint debts have been paid. *Church* v. *Knox,* 2 Day, 514 ; *Prince* v. *Jackson,* 6 Mass. R. 242 ; *Fisk* v. *Herrick,* 6 Mass. R. 271 ; *Wilson* v. *Conine,* 2 Johns. 280 ; *Moody* v. *Payne,* 2 Johns. Ch. 548 ; *Knox* v. *Simmons,* 4 Yeates, 477 ; *Gilman* v. *N. A. Land Co.,* 1 Pet.

Douglas *v.* Winslow.

U. S. R. 460; *Harrison* v. *Sterry,* 5 Cranch, 289; *Commercial Bank* v. *Wilkins,* 9 Greenl. 34.

The rights of partners in the firm property, are different from those of tenants in common in a chattel.   Matter of *Smith,* 16 Johns. 109.   Partners are joint tenants, and not tenants in common.   1 Mad. Ch. 93; *Exparte Young,* 2 Ves. & Beame, 242.   A joint tenancy cannot be severed.   *Shaw* v. *Hearsey,* 5 Mass. R. 521 ; *Hewes* v. *Bayley,* 20 Pick. 98.   The partnership property itself cannot be attached to answer the debt of one member of the firm.   All that can be attached is that *quantum* of interest which the debtor partner could extract out of the concerns of the partnership after all claims against the firm should be paid.   *Dutton* v. *Morrison,* 17 Ves. 193.   The sheriff can sell only subject to the debts of the firm.   The separate creditor takes as the debtor himself held the property, subject to the rights of the other partners.   The sheriff cannot seize the partnership effects themselves, for the other partner has a right to retain them for the payment of the partnership debts.   *Fox* v. *Hanbury,* Cowp. 445; *Taylor* v. *Field,* 4 Ves. 369; *Young* v. *Keighly,* 15 Ves. 559.   The sheriff sells only the interest of the partner in the partnership property; but neither the sheriff nor a purchaser has a right to the *possession* of the property.   *Cram* v. *French,* 1 Wend. 311; *Dunham* v. *Murdock,* 2 Wend. 554.   The *King* v. *Sanderson,* 1 Wight, 50; *Church* v. *Knox,* 2 Conn. R. 516.   The levy under the execution only gives a right to an account.   All that a court of law can do is to issue execution against the *interest* of the separate partners, and not against the effects themselves.   This interest is the partner's share in the surplus after the payment of partnership debts.   *Nicol* v. *Musford,* 4 J. C. 522; S. C. 20 Johns. 611.   A court of law cannot take jurisdiction of accounts between partners.   *Rogers* v. *Rogers,* 1 Hall, 391.  The remedy therefore should be sought in a Court of Equity.   The original seizure of the goods on a writ against one of the firm, was tortious, and it is no defence, that having wrongfully taken them they were after the commencement of this suit taken by virtue of a writ against the firm.

Trespass may be maintained, the original taking having been wrongful. *Green* v. *Morse*, 5 Greenl. 291; *Nelson* v. *Merriam*, 4 Pick. 249; *Foss* v. *Stewart*, 2 Shep. 312; *Campbell* v. *Phelps*, 1 Pick. 62; *Agry* v. *Young*, 11 Mass. R. 220; *Rool* v. *Chandler*, 10 Wend. 110; *Vail* v. *Lewis*, 4 Johns. 450; *Phillips* v. *Hale*, 8 Wend. 610.

The plaintiffs have no separate interest in the partnership property until it is relieved from partnership liabilities. They are the mere trustees for those who have claims against the firm. Though Brown might have had a resulting interest in the partnership; still the defendant is liable, as he did not seize that interest, but the property itself. He has executed process unlawfully, and thus has become a trespasser.

*Moody* and *J. A. Poor*, for the defendant, insisted that the plaintiffs could not maintain trespass for attaching the interest of a member of the firm. The cases cited relate to the appropriation of the funds of the partnership. They were cases in equity, where the contest arose between different claimants. In no case was a suit at law brought by the partners. Their remedy is in equity. Collyer on Partnership, 81-2. The attachment was valid as against the firm. The creditors of the firm subsequently interfered; and the goods attached were applied to pay the debts of the firm.

The opinion of the Court was by

WESTON C. J. — The authorities cited for the plaintiffs very clearly establish the doctrine, that partnership creditors have a priority over the separate creditors, in relation to the partnership funds. It was recognized in Massachusetts at an early period; and is the settled law of that State and this. *Pierce* v. *Jackson*, 6 Mass. R. 242; *Commercial Bank* v. *Wilkins*, 9 Greenl. 28. The interest of each partner is in his portion of the residuum, after all the debts and liabilities of the firm are liquidated and discharged. Equity will not aid the separate creditor, until the partnership claims are first adjusted. And they will interpose to aid the creditors of the firm, when a separate creditor attempts to withdraw funds, in regard to which

they have a priority.    These  principles are illustrated and sustained in many of  the cases cited for the plaintiffs.

But at common law, according to the English practice, a separate creditor of one of  the firm,  may  seize  and  sell on  execution  the interest of  his debtor in  the partnership stock.    No case has been referred to at law, where this has been prevented by any movement or interference, in behalf of  the partnership. They have in England no  attachment of  property upon mesne process,  except  that  of foreign  attachment,  which  depends upon its own peculiar principles.

But in this State and  in  Massachusetts, a separate creditor may  attach  the goods ·of  a  firm,  so far as his  debtor has an interest in  them, subject to the  paramount claims of  the creditors of  the firm.    This  right  has  been  repeatedly  exercised ; and has never been  defeated, so far as  the cases have come to our knowledge,  unless in  behalf of  partnership creditors.    In the case of  *Pierce* v.  *Jackson*, Parsons C. J. says, " a creditor of  one of  the firm, has a right to attach the partnership effects, against all creditors, whose demand  is not upon the company." That the debtor  himself should  join with his partner  in a suit to prevent this, has never before, that we are aware of, been attempted.    The  existence of  the right, and its exercise, subject to the superior rights of  the  partnership  creditors,  is assumed in  the  case  of  the  *Bank*  v.  *Wilkins*.    It  may  be  inconvenient to other  partners to have  their operations thus broken in upon, and partnerships virtually dissolved, for  the  benefit  of separate creditors ; but it is a hazard, to which  they are necessarily subjected, when they unite in business with others, incumbered with separate debts.    In  *Allen & al.* v. *Wells & al.* 22 Pick.  450, the superior claims  of  partnership creditors are discussed  and  admitted,  but  the  right of  a  separate  creditor to attach, when  he is not thereby brought in conflict with  them, is  conceded.

Were the law otherwise, a  wide door  would be open to  delay and defraud  creditors.    A  man with  funds to a  very large amount, half of  which is due  to others, has nothing to do but to invest them in  a partnership, and he may thus set his creditors

at defiance, or oblige them to wait, until the partnership concerns are liquidated and closed by the slow process of a court of equity. While the policy of the law has been to withdraw the body of the debtor from coercion and restraint, it has been equally its policy, with certain exceptions, which humanity requires, to afford adequate remedies, by which all his property may be made available to satisfy his creditors. It lends its aid to defeat all devices, to delay or defraud them; and it will not suffer legal principles, established for beneficial purposes, to be perverted to their prejudice.

The defendant was justified in making the attachment at the suit of a separate creditor, and relinquishing it for the benefit of partnership creditors. Upon the view we have taken of the case, it has become unnecessary to decide the question raised, as to the sufficiency of the proof of the existence of a partnership between the plaintiffs. *Nonsuit confirmed.*