Curia, per

Frost, J.
The rule that neither the garnishee nor a creditor of the absent debtor, nor any other person than the absent debtor himself, can take exception to the regularity of the proceeding against the absent debtor, is strenuously urged in support of the motion in this case. The rule is admitted, but it is inaptly forced into the case. Irregularity consists in omitting to do something necessary to the orderly progress of the action; or doing it at an improper time. It does not affect the plaintiff’s right of action. The cases from which the rule is cited illustrate this.
In Foster vs. Jones, (1 McC. 116,) the irregularity consisted in the omission of the plaintiff to make affidavit of his debt, before suing out the writ of attachment; in Chambers & Sadler *564 vs. McKee, (1 Hill, 229,) in the omision to give the requisite bond; in Camberford vs. Hall, (3 McC. 345,) in giving the attachment bond in double the debt, instead of double the damages or sum sued for; in Kincaid vs. Neall, (3 McC. 201,) which was a case of domestic attachment, in the omission of the magistrate to return, into the Court of Common Pleas, the attachment bond. In Lindau vs. Arnold, (4 Strob. 290,) the rule was affirmed, and the distinction between irregular and void process stated and enforced. A domestic attachment had been levied on the property of a debtor, who was beyond the limits of the State, when the process was served. A foreign attachment was levied, after the domestic attachment, on the same goods. They were sold under an order of Court. Motions were submitted by each of the plaintiffs for an order to have the money, arising from the sale, paid to him. The plaintiff in the junior foreign attachment objected to the claim of the plaintiff in the domestic attachment, that the writ was void, because the defendant was out of the State when it was issued. The objection was sustained on the distinction between irregular and void process; and the fund was ordered to be paid to-the plaintiff in the foreign attachment. In Byne vs. Byne, (1 Rich. 438,) junior attaching creditors were permitted to set aside a prior writ, by shewing that the service was illegal; and in Gardner vs. Hust, (2 Rich. 601,) on a contest between the same parties, after judgment, for the fund arising from the sale of the attached property, the sheriff was ordered to apply the fund to the payment of the junior attaching creditor. Writs of attachment will be set aside when the defendant is not liable to that process, Weyman vs. Murdock, (Harp. 125) — or the cause of action is not suable by attachment, Sargeant vs. Helmbold, (Harp. 219) — or if the writ is issued by one partner against his former associate, on a partnership demand, Rice vs. Beers & Bunnell (1 Rice Dig. 75); or if the fund is not attached, Burrell vs. Letson (1 Strob. 239). These, and similar cases which it is needless to cite, show that it is the common practice to set aside, in a summary manner, writs of attachment improperly sued out.
*565 In Pennsylvania, a writ of foreign attachment will be set aside, at the instance of a junior attacher, if the defendant was in the jurisdiction. Barnet's case (1 Dal. 152). In McCombe vs. Dunch, (2 Dal. 73,) an attachment against the executors of a deceased co-partner, for the recovery of the individual debt of their testator, was served on the debtors of the co-partnership, and judgment recovered. On motion of the surviving partner, the writ and judgment were set aside, on the grounds that the partnership funds were not attachable ; and the executors of the deceased partner not subject to a writ of attachment.
The Court will inquire into the plaintiff’s cause of action, on a motion, by a junior attaching creditor, to set aside the attachment— Taylor vs. Knox (1 Dal. 158). The same rule obtains in Massachusetts. In Fairfield vs. Baldwin, (12 Pick. 388,) the plaintiff had issued an attachment against Cyrus King— Joseph King had also issued an attachment against Cyrus King, which was prior to the plaintiff’s. King’s writ contained two counts. Under leave to amend, he introduced counts on other causes of action. Fairfield and King both recovered judgments. The attached effects were sold by the defendant, who was the sheriff. Fairfield gave the defendant notice not to pay the fund to King’s execution. The defendant, notwithstanding, did pay over the fund to King. The action was brought to recover from the defendant the sum so paid, as misapplied. It was held that the rights of attaching creditors should be ascertained as they existed at the time when they made the attachment. And it was said by Putnam, J. that it would be a manifest injustice to a subsequent attaching creditor, to permit the prior attaching creditor to amend, by the introduction of claims, not originally set forth, and relied on, in the declaration; for the subsequent attaching creditor has a vested interest in the fund. Judgment was rendered for the plaintiff. In Pierce vs. Jackson, (6 Mass. 242,) one Sheek had levied an attachment, for the undivided debt of a partner, on partnership funds. The plaintiff had levied an attachment, for a partnership debt, on the same funds. Judgment was recovered in both cases. The defendant, who *566 was the sheriff, paid the fund on Sheek’s judgment. The plaintiff recovered judgment for the amount paid by the defendant to Sheek.
From the cases cited it is shewn that a junior attaching creditor may except to the illegality of a prior attachment; and, on motion, have granted an order to set it aside ; that the attaching creditors have an interest in the attached property, which the Court will protect against a fraudulent attempt, by either, on the rights of the others; and, for this purpose, the Court will inquire into the cause of action of a prior writ of attachment, at the instance of a junior attaching creditor; and the rights acquired by the lien of a junior attachment will be enforced against an illegal or fraudulent demand of a prior attaching creditor, although the latter may have recovered judgment against the absent debtor.
For the appellants, it is confidently argued, that the recovery of judgment on their attaching suit, debars inquiry respecting the illegality of their writ, even if it could have been set aside before the judgment was recovered. A judgment in attachment serves no other purpose than to ascertain the amount of the plaintiff’s claim on the attached property, by establishing his demand against the absent debtor. No execution can be issued on the judgment. It operates no lien on the defendant’s unattached property. When the attached fund is distributed, the judgment is functus officio ; unless the defendant shall have entered special bail, or, under the Act of 1843, executed a warrant of attorney and been admitted to defend the action, on the conditions prescribed by the Act. The judgment is of less efficacy than the writ by which the lien of the attachment is acquired. The order for the payment of the junior attachment does not impair any right of Walker & Bradford under their judgment. The lien of the writ only is affected. In this view, the junior attachment has the same benefit of exception to Walker & Bradford’s cause of action, after judgment, as if it had been made when the writ was issued.
*567 It is denied that Jayne can impeach the legality of Walker & Bradford’s judgment against Roberts, when the defendant makes no objection. It is overlooked that the judgment does not charge Roberts, except as it may affect the partition of the funds attached. As long as Roberts withholds himself from the jurisdiction of the Court, his title and interest in the attached property is divested by the liens of the attaching creditors. The contest is between them exclusively. The rights of Roberts in the attached property are in abeyance until their demands are satisfied; and cannot be interposed in the contest for priority among them.
The debt of Walker & Bradford was not payable when their writ was issued. Their action was illegally commenced. The effect of their premature action is, to give them an unfair advantage against the other attaching creditors of Roberts. The creditors have a vested interest in the attached property, in the order of the service of their writs of attachment. The fund, arising from the sale of the property, is, in Court, subject to its order. In the distribution of it, among the attaching creditors? the Court can and should inquire into the several causes of action. The Court may inspect its judgments to prevent fraud and injustice. In effecting this object, the consent or opposition of the parties to the judgment is disregarded. They may combine to effect the fraud. The acquiescence of Roberts in Walker & Bradford’s illegal proceeding, if he does acquiesce, cannot afford any protection against an inquiry into the judgment, when that is necessary for the protection of the rights of the other creditors. Roberts cannot, by his consent or act, give a preference to one attaching creditor over the others. So far as Roberts is concerned, the judgment is undisturbed. His consent is material only as it may affect him personally. The rights of the attaching creditors are independent of his act or consent.
The motion is refused.
EvaNs, Withers and Whitner, JJ. concurred.