[*] NICHOLS *versus* VALENTINE & *als.*

Though a wrongful act have been committed against a person, yet, if he have sustained from it no damage, either actual or constructive, it furnishes him no cause of action.

The property in goods, acquired to the officer by attaching them on mesne process, is merely a special one.

Such special property consists simply in the right of retaining the articles attached for the purpose of responding the judgment by a sale at auction.

If, in relation to any specific description of articles, the law prohibits such a sale, such articles cannot legally be attached on mesne process or seized on execution.

Spirituous liquors are of that description. The law prohibits a sale of them at auction.

An attachment of such liquors, though made in due form, can confer upon the attaching officer no special property or right of possession.

A possession of such liquors under such an attachment, being for the mere purpose of an unlawful sale, can confer upon the possessor no rights.

An attaching officer, though in the actual possession of such liquors, but claiming no rights in them except under the attachment, can maintain no suit for a forcible taking of them from his possession, even though such taking be by one having no right or authority.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

TRESPASS, for fifty barrels of spirituous liquor. The general issue, with brief statement, was pleaded. The evidence admitted tended to prove the following facts.

One Barrett sued out his writ against Arthur Doon upon a note of $1200. Upon that writ, this plaintiff, Nichols, being sheriff of the county, attached the liquor, Nov. 27, 1851, and took it into his possession.

On Dec. 5, 1851, the liquor was taken from the custody of the sheriff by the defendant Valentine, the city marshal, claiming to act under a warrant duly issued for the seizure of the liquor under the Act " to suppress drinking houses and tippling shops."

The validity of that warrant was contested. But the view taken by the Court renders it unnecessary to present the evidence on that point.

The other defendants were the aids and servants of Valentine.

The action *Barrett* v. *Doon*, was defaulted, and the execution was seasonably placed in the hands of the sheriff.

The defendants offered evidence to prove, that the action of Barrett against Doon was groundless and collusive, designed by both parties fraudulently to defeat the " Liquor Law" of the State.

In answer to an inquiry by the Judge, the defendant disavowed any attempt to implicate the sheriff in the illegal proceedings, which they proposed to prove.

The Judge then ruled, that the evidence offered upon that point was inadmissible.

If, upon the evidence admitted, the plaintiff's action can be maintained, and the foregoing ruling of the presiding Justice was correct, the defendants are to be defaulted. If the action cannot be maintained upon the evidence admitted, the plaintiff to be nonsuit. If the action can be maintained upon the evidence admitted, and the ruling of the presiding Justice excluding the evidence offered by defendants, is erroneous, a new trial to be granted.

*George M. Chase*, for the plaintiff.

By the attachment of the liquor, the sheriff acquired a special property in it. To one party or to the other, he must account for its value. In order to do this, when the property be taken from him by violence, the well established principles of law entitle him to recover against the person taking it.

That there is property in such liquor, notwithstanding the statute relied upon by the defendants, has been already decided by this Court. *Preston* v. *Drew*, 33 Maine, 558.

*Joseph Granger*, for the defendants.

RICE, J. — The liquors in controversy were attached by the plaintiff, who was then Sheriff of Washington county, on the 27th day of November, 1851, on a writ in favor of

Thomas Barret against Arthur Doon. This writ, it is conceded, was in due form of law, and issued from a court of competent jurisdiction.

After the liquors had thus been attached, the defendant Valentine, who, it is admitted, was marshal of the city of Calais, and the other defendants, acting as his aids, seized said liquors on a warrant of search, issued by the Judge of the Police Court of the city of Calais, on a charge that they were intended for sale in violation of law. This act of seizure constitutes the trespass of which the plaintiff complains.

The general property in the liquors was not in the plaintiff. He had, if any thing, only a special property in the articles attached; simply a right to hold them, so that they should be forthcoming to respond to the final judgment in the suit in which they had been attached.

By the defendants it is contended that these proceedings gave the plaintiff no such right of control over the property as will enable him to maintain this suit, because, it is affirmed, that the process on which it was attached was fraudulent in its inception, and without any foundation; and further, because the liquors were intended for sale in violation of law, and were not attachable by the laws of the State, and were lawfully seized by the defendants.

It may not be necessary to consider all the points raised in the defence.

The principle on which one person is entitled to maintain an action on the case against another, on the account of the commission of some illegal or wrongful act, is, that he has thereby suffered injury.

The action cannot be maintained by proof alone, that the other person has conducted illegally or wrongfully. He must proceed further and show, that he has suffered injury in consequence of such conduct. *Lambard* v. *Pike*, 33 Maine, 151.

The object of attaching property on mesne process, is, that it may be held to be seized and sold, after judgment, on execution. It is therefore very clear, that chattels which cannot lawfully be seized on execution, cannot be lawfully attached.

*Pierce* v. *Jackson*, 6 Mass. 242; *Badlam* v. *Tucker*, 1 Pick. 389; *Davis* v. *Garrett*, 3 Iredell, 459.

By our laws, all personal property attached on mesne process, except such as is liable to perish, or waste, or be greatly reduced in value by keeping, or to be kept at great expense, must be sold by public auction.

Chapter 211, of the laws of 1851, provides, that no person shall be allowed at any time to manufacture or sell, by himself, his clerk, servant or agent, directly or indirectly, any spirituous or intoxicating liquors, or any mixed liquors a part of which is spirituous or intoxicating, except agents appointed by the selectmen of towns or the mayor and aldermen of cities. Such agents may sell in their respective cities and towns, spirits, wines or other intoxicating liquors, to be used for medicinal and mechanical purposes, and *no other*.

Except by these agents, the sale of spirituous and intoxicating liquors is absolutely prohibited to all our citizens. There is no exception in favor of sale by judicial process. Indeed to permit such sales, would be to afford the most ample facilities for evading the law. The law deems the indiscriminate sale of intoxicating liquors, like the sale of obscene books and pictures, or the sale of diseased and corrupted provisions, injurious to the public health and morals. It has therefore placed upon the general traffic the seal of its reprobation.

After thus prohibiting our citizens not only from keeping "drinking houses and tippling shops," but from all general traffic in intoxicating liquors, it would be an absurdity to say that the officers of the law, under its forms and by its protection, may become the vendors of those inhibited articles, restrained only by the obligation to sell to the highest bidder.

Nor can the officer transport the liquors out of the State for sale. His authority to sell under judicial process is limited to his precinct.

This species of property is therefore not attachable by judicial process under the existing laws of the State.

The plaintiff therefore acquired, by virtue of his attachment, no legal right to the possession of the liquors, and if

he had the actual possession, it must necessarily have been with the intention to sell them without authority and in violation of law.

By § 16 of c. 211, of the laws of 1851, it is provided, that no action of any kind, shall be maintained in any Court in this State, either in whole, or in part, for intoxicating or spirituous liquors sold in any other State or country whatever, nor shall any action, of any kind, be had or maintained in any Court in this State, for the recovery or possession of intoxicating or spirituous liquors, or the value thereof.

The provisions of this section of the statute have been so construed by this Court as to apply only to such liquors as were liable to seizure and forfeiture, or intended for sale in violation of the provisions of the statute. *Preston* v. *Drew*, 33 Maine, 558.

When thus limited, the provisions of the statute apply to the case at bar, as presented by the plaintiff.

From these considerations, it is apparent that the plaintiff has lost no legal rights by the interposition of the defendants, and is not in a condition to maintain any action against them, on account of the acts described in his writ. In this view of the case, it becomes unnecessary to consider the exceptions presented.

According to agreement, a nonsuit must be entered.

SHEPLEY, C. J., and TENNEY and HATHAWAY, J. J., concurred.