## TREADWELL *v.* BROWN.

One partner cannot be charged as a trustee of his copartner, there being no liquidated balance in his hands due such copartner.

Where the affairs of a partnership remain unsettled, the remedy of a creditor of an individual partner would be by bill in equity, summoning all the parties in interest, for the purpose of obtaining an account and settlement of the funds and indebtedness of the partnership; — in which event the partnership creditors would receive their pay out of the partnership property, in preference to creditors of an individual member of the firm, and, *e converso*, the private creditors of each partner would be paid from any separate property of such partner, in preference to partnership creditors.

THE questions involved in this case arise upon the disclosure of the trustee, Edmund M. Brown; the substance of which is as follows:

The trustee first denies, generally, having any funds of the principal defendant, James C. Brown, in his possession.

*Answer to Interrogatory* 2. "I am a cabinet-maker, and dealer in furniture. My place of business is in Portsmouth, N. H. I have, as a partner in said business, James C. Brown."

*Interrogatory* 3. "State the terms and nature of said copartnership."

*Answer.* "I decline to answer any thing in regard to said copartnership, as I was not summoned here to answer for their goods, money, chattels or effects; but, without waiving any legal right, I answer that we have no written contract of partnership; that it was to be on equal terms, each to share one half the profits, loss and expenses, and each to furnish one half the stock in trade. There was no time limited for its duration. We are engaged as furniture dealers. We make and buy furniture and upholstery. Our partnership commenced in March, 1856, and is still in force. We have never taken any inventory whatever, nor have I the means of stating,

definitely and particularly, how much the said partnership then had or has. I have no time to take an inventory, nor to make the examination of books and accounts, and sales and purchases ; nor do I wish to, unless I am legally compelled so to do, being instructed I am not."

*J. W. Towle,* for the plaintiff.

*S. H. Goodall,* for the trustee.

NESMITH, J. We have no doubt that the court could, at their discretion, exercise a compulsory power, in order to obtain a full disclosure from the trustee, wherever the plaintiff, by the use of such power, might obtain a more perfect remedy.

The first practical question which seems to be presented here, springs out of the form of the process of the plaintiff to effect the object designed by him. The trustee is summoned here in his private capacity, to answer for a debt which he owes, if he owe at all, as a member of an existing firm, where the principal debtor is the copartner. There has been hitherto no dissolution of the partnership, nor any final action on their part, so as to show a statement of the funds of the firm or its indebtedness, or any other liquidation that would enable the said plaintiff to avail himself of any balance or surplus of profits existing in the hands of the trustee, of which the principal debtor might avail himself in the absence of this process. The trustee, therefore, comes into court, and denies, generally, that he had in his hands any funds of the principal debtor. He discloses the existence of a present partnership, and denies the power of the plaintiff to compel such an adjustment of the partnership business as to ascertain its true state, or its ability to give the plaintiff any adequate remedy.

As the process now stands, we think the trustee cannot be charged.

Treadwell *v.* Brown.

If the trustee be liable merely as a member of the firm, the other members of the firm should be joined and summoned in. *Rix* v. *Elliott*, 1 N. H. 184; *Hudson* v. *Hunt*, 5 N. H. 538; *Atkins* v. *Prescott*, 10 N. H. 122. The sound and established principle is, that one shall never be adjudged trustee, if, by any reasonable possibility, he may be liable to answer to any other person than the plaintiff. Dane Abr. 192, A, 8; *Ladd* v. *Baker*, 26 N. H. 76. All parties liable jointly, or jointly and severally, to the principal defendant, must be summoned as trustees. *Barker* v. *Garland*, 22 N. H. 103. In *Pierce* v. *Jackson*, 6 Mass. 242, Chief Justice *Parsons* says: "At common law a partnership stock belongs to the partnership, and one partner has no interest in it, but only in his share of what is remaining after all the partnership debts are paid; he also accounting for what he may owe the firm. Consequently, all the debts due from the joint fund must be first paid, before any partner can appropriate any part of it to his own use, or pay any of his private debts. And a creditor to one of the partners cannot claim any interest but what belongs to his debtor, whether his claim be founded on any contract made with his debtor, or on seizing of the goods on execution. Under the trustee process a creditor of one of the partners has no perfect or adequate remedy." Judge *Story* remarks that the partnership property may be taken in execution upon a separate judgment and execution against one partner, but the sheriff can only seize and sell the interest and right of the judgment partner therein, subject to the prior rights and lien of the other partners, and the joint creditors therein. By such seizure the sheriff acquires a special property in the goods seized, and the judgment creditor himself, and the sheriff also, with the consent of the judgment creditor, may file a bill in equity against the other partner, for ascertaining the quantity of that interest, before any sale is actually

Treadwell v. Brown.

made under the execution. Story on Part., secs. 263, 264; *Morrison* v. *Blodgett*, 8 N. H. 254.

In cases of the seizure of the joint property for the separate debt of one of the partners, a question has arisen whether a court of equity ought not to interfere upon a bill for an account of the partnership, to restrain the sheriff from a sale, or a vendee of the sheriff from an alienation of the property seized, until the account is taken and the share of the partner ascertained. Story on Part., sec. 264.

Upon the reasons suggested by the foregoing cases and doctrine, we think it would prove useless to compel the trustee to make farther answers in this case; unless, since the last disclosure, the partners may have so far adjusted their firm transactions as to be able to exhibit a specific balance, in the hands of the trustee or otherwise, so placed that the plaintiff might avail himself of it. But if the affairs of the partnership still remain unsettled, the plaintiff must seek his remedy by a bill in equity, and summon the parties in interest, and obtain such an accounting and statement of the funds, that the partnership creditors may first receive satisfaction from the general partnership fund, and in preference to the creditors of the individual members of the firm; and, conversely, that the creditors of the private partner may first be paid out of his separate estate, if any be found, in preference to the partnership creditors. *Benson* v. *Ela*, 35 N. H. 408.

Upon the announcement of this opinion, upon the motion of the plaintiff, he had leave to file his bill in equity.