Reynolds and Another *v.* Hicks.

———— ◆▶◆ ————

## REYNOLDS and Another *v.* HICKS.

After the formation of a partnership between two persons, a third person agreed, verbally, with one of the partners, to pay him one-half of the amount paid in by him, and one-half of one-third of the loss that might occur, and to receive from him one-half of one-

third of the profits of said partnership, which verbal agreement was long afterward reduced to writing:

*Held,* that said agreement did not constitute such third person a member of said firm, or render him liable for the debts of the firm, it not appearing that he was held out as a partner.

APPEAL from the *Tippecanoe* Circuit Court.

HANNA, J.—*Hicks* sued *Reynolds, Hanna, Gibson,* and *Stockwell,* on a note, averring that they executed the same by the firm name of *Gibson, Stockwell & Co.*

*Reynolds* answered, under oath, in substance, that he did not execute the said note, because he was not a member of said firm, and had no interest therein, except that, soon after the formation of said partnership between his co-defendants, which was by written articles, set forth, he agreed, verbally, with said *Hanna,* to pay him one-half the amount paid in by him, to-wit: seven thousand five hundred dollars, and one-half of one-third of the loss that might occur; and was to receive from said *Hanna* one-half of one-third of the profits of said concern, and the sum so paid, to-wit: seven thousand five hundred dollars; which agreement was, long afterward, reduced to writing, by said *Hanna* and *Reynolds;* that is, as between the two, he bought one-half of *Hanna's* interest. It does not appear whether the other members of the firm had any knowledge of this subsequent agreement or not, or whether *Reynolds* was ever held out as a partner.

A demurrer to the answer was sustained. This is assigned as error.

It is conceded, that as among themselves, these defendants, perhaps, were not partners; but it is insisted, that as to strangers, they were. That is, that the original partners might not have any right of action against *Reynolds* for contribution to losses; nor could he assume any control in the affairs, or compel an accounting as to the business of the firm: and yet, as to the debts of such firm he would, as the other partners, be liable to the creditors thereof. On the

other hand, it is contended that the agreement between *Hanna* and *Reynolds* was a private contract between themselves, with which the firm, and those dealing with them, had nothing to do.

A partnership is a voluntary contract between the persons associating together. Story on Part., secs. 2 and 3. Therefore, one partner can not introduce an additional member into the firm, without the concurrence of his copartners. *Id.* 5.

Although in Story on Part., secs. 36 to 50, it is urged that the reasonable rule.would seem to be, that "No partnership should be deemed to exist at all, even as to third persons, unless such were the intention of the parties, or unless they had so held themselves out to the public," yet it is. by the author conceded, that " the common law has settled it otherwise" as to principal traders. *Waugh* v. *Carver*, 1 Smith's S. Ca. 491, and note.

It was held in *Grace* v. *Smith*, 2 H. Blkst. 998, and followed in *Waugh* v. *Carver*, 2 *Id.* 235, that " He who takes a part of the profits, indefinitely, shall, by operation of law, be made liable to losses, if losses arise; upon the principle that, by taking part of the profits, he takes from the creditors a part of that fund which is the proper security to them for the payment of their debts." These decisions have been the foundation for many others of like character. *Cheap* v. *Cranmond*, 4 B. and Ad. 663. *Hoore* v. *Downs*, Dougl. 371. *Wightman* v. *Townroe*, 1 M. and S. 412. *Rex* v. *Dodd*, 9 East, 527.

But it has been held, that contributing money, labor, or capital stock, even with a right to a return from the proceeds, does not, necessarily, make the person a partner; (*Rice* v. *Austin*, 17 Mass. 197. *Gallop* v. *Newman*, 7 Pick. 282. *Lark* v. *Howland*, 5 Denio, 69. *Smith* v. *Wright*, 5 Sandf. 113,) although such will be the result, if the right to a part of the proceeds of the venture be likewise an interest in the

proceeds themselves, or in the property out of which they issue. *Noyes* v. *Cushman*, 25 Ver. 390. *Griffith* v. *Buffum*, 22 *Id.* 181. *Emanuel* v. *Drougher*, 14 Ala. 303. *Heimstreet* v. *Howland*, 5 Denio, 68.

The reason for this latter rule of decision appears to be, that a partner, for advances, is entitled to a preference over creditors of the individual members of the firm, out of the assets thereof; that is, it is something in the nature of a lien thereon. *Pierce* v. *Jackson*, 6 Mass. 242. *Christian* v. *Ellis*, 1 Grattan, 396. *Gibson* v. *Stevens*, 7 N. H. 352. *Denny* v. *Cabot*, 6 Metcalf, 92. *Turner* v. *Bissill*, 14 Pick. 192. *Loomis* v. *Marshall*, 12 Conn. 69.

Because of this preference, if the law confers it on a given state of facts, it also couples it with the burden of being personally liable for debts contracted in such business.

Could *Reynolds* have had such preference? The memorandum of the agreement is as follows: "Soon after the firm of *Gibson, Stockwell & Co.* was created, consisting of *Edmund T. H. Gibson, Nathan H. Stockwell,* and *Joseph S. Hanna,* it was verbally agreed between said *Hanna* and *William F. Reynolds,* that *Hanna* should account for and pay to said *Reynolds* one-half of the third of the profits of said firm, and one-half of the sum paid into said firm, by *Hanna,* as his part of the capital of said firm, and *Reynolds* agreed to pay *Hanna* one-half of the fifteen thousand dollars advanced as his part of the capital of said firm, and also agreed to pay said *Hanna* one-half of one-third of all the losses of said firm."

It appears to us that the credit for money advanced by *Reynolds* was given to *Hanna* alone, and not to the firm; that he alone was responsible to said *Reynolds* for the return thereof, and for the payment of such parts of the profits as said *Reynolds* might be entitled to; consequently, *Reynolds* had no lien upon, nor interest in, the assets of the firm, nor the profits arising out of the same.

In fact, it seems that he advanced money to *Hanna* to place in the capital stock of said firm, and not only looked to him for the return thereof, but also for such part of the profits as they agreed upon for the use of said money. *Reynolds*, therefore, having no rights of a partner, such as the right to an account, a lien, a preference for advances, etc., and it not appearing that he was held out as such, should not be, individually, held responsible for the debts of the firm, contracted in the prosecution of said business, according to the class of authorities last above cited.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, etc.

*Godlove S. Orth, John A. Stein, Samuel A. Huff,* and *Robert Jones,* for the appellant.