## PROVIDENCE COUNTY.

WILLIAM A. BARRON *vs.* BYRON H. ARNOLD, Deputy Sheriff.

While a statute was in force prohibiting any one other than a registered pharmacist or his assistant to sell intoxicating liquor without a license :

*Held* that intoxicating liquors could not be attached; for if attached the attachment could not be perfected by an execution sale by the attaching officer.

A statute provided, "No action of any kind shall be had or maintained in any court of this State for the possession or value of any liquors held, purchased, or sold contrary to the provisions of this chapter." One of the provisions of the chapter was the prohibition of sale above mentioned. While this statute was in force, A. owned liquors and kept them for sale in a saloon under a license given to his agent B. C. attached the liquors as the property of B., whereupon A. replevied the liquors.

*Held,* that A. could maintain his action of replevin.

*Held,* further, that for the statutory inhibition of an action to apply, the transaction which is the subject of the action must be illegal, or directed to illegal purposes.

EXCEPTIONS to the Court of Common Pleas.

This action was replevin. It was tried in the Court of Common Pleas on an agreed statement of facts, jury trial being waived. After judgment for the plaintiff, the defendant brought the case into this court on a bill of exceptions.

*November* 17, 1887. STINESS, J. The statement of facts shows that the plaintiff owned certain liquors, kept by him for sale in a saloon under a license granted to his agent, Brown. The defendant attached the liquors on a writ against Brown as his property, and the plaintiff then replevied them in this suit. The defendant pleads property in Brown, and avows his taking under the attachment. At the time of the attachment, no one other than a registered pharmacist, or his assistant, could sell liquor

without a license. Under a similar law it has been held in Massachusetts and Maine that such property is not attachable. It cannot be sold without a violation of law. The attachment, therefore, cannot be perfected by sale under execution. If it cannot be sold and its proceeds applied to the execution by the officer, the reasonable conclusion is that it cannot be attached, for all that could be done with it on attachment without sale would be to hold it indefinitely. *Ingalls* v. *Baker*, 13 Allen, 449; *Nichols* v. *Valentine*, 36 Me. 322. See, *contra*, *Howe* v. *Stewart*, 40 Vt. 145. •

The defendant contends that Pub. Stat. R. I. cap. 87, § 65, prevents the plaintiff from maintaining his action, because, having no license, he was keeping the liquor for sale illegally. The section is: " No action of any kind shall be had or maintained in any court of this State for the possession or value of any liquors held, purchased, or sold contrary to the provisions of this chapter." As this provision is in derogation of ordinary rights in regard to property, it should be strictly construed. It does not strip liquor of its character as property, and prohibit actions for the possession or value of all liquors, but it relates solely to actions for liquors held, etc., contrary to law. What, then, is the force of the word *held*, as applicable to this action? We think the section must have been intended to apply to that class of actions where a plaintiff seeks to recover the possession or value of liquors which, by some act of his own or some act or contract to which he is a party, are held or have been disposed of in violation of law. The section cannot mean an illegal holding by the defendant alone, for if liquors were in a defendant's possession legitimately, without any violation or connivance at violation of law on the part of the plaintiff, clearly the defendant's unlawful act should not deprive a plaintiff of his remedy, for this would enable a defendant to take advantage of his own wrong. But if a plaintiff had sold or delivered liquors to a defendant to be sold without license, so that both, to some extent, were parties to the violation of the law, then under this section the plaintiff could not maintain his action for the possession or value of the liquors so held by the defendant. The provision is based upon the principle that the law will not aid a party in enforcing an illegal transaction. To apply the princi-

ple, however, the transaction which is the subject of the suit must be illegal, or one entered into for illegal purposes. The case before us calls for no enforcement of an unlawful transaction as between the plaintiff and defendant. Admitting that the plaintiff was keeping this liquor for sale without a license, as under the agreed facts undoubtedly he was, the question is whether his property so held can be taken to pay another man's debt; whether the legislature intended, in such a case, to lay open his property as free booty to any one who might seize it. We do not think the provision was intended to go to this extent.

In *Howe* v. *Stewart*, *supra*, the plaintiffs had sold liquor to one Kirk, to be disposed of by him contrary to law, and it was attached as Kirk's property. The plaintiffs replevied, claiming they had stopped the goods *in transitu*. Upon agreed facts, the court decided that the property had become Kirk's by arrival at its destination, and that it could be attached. This was enough to dispose of the case; but the court added that the section prohibiting actions for liquors unlawfully held denied the plaintiff any right of action, even if the goods were *in transitu*. This, however, is not inconsistent with the view we have taken of the section, for the plaintiffs were seeking to enforce a right under a contract, the purpose of which was known to be in contravention of law. In Iowa the question came exactly as in this case, under a similar statute. A majority of the court held that the plaintiff could maintain his action. The scope of the section is fully and very vigorously considered in both opinions in the case, but we think the conclusion of the majority of the court is the sounder. *Monty* v. *Arneson*, 25 Iowa, 383.

The defendant further claims that the plaintiff is estopped from asserting his title because he allowed Brown to hold himself out as the proprietor of the saloon. There is no estoppel in this case. The defendant attached Brown's interest in the property, and it is admitted that he had none. If the creditor of Brown were a party to the suit, the fact that his debt was contracted before Brown went into the saloon would be enough to dispose of the question of estoppel.                       *Exceptions overruled.*

*George J. West*, for plaintiff.
*Charles F. Baldwin*, for defendant.